UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BEAR RANCH, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6-12-14 |
| | § | |
| HEARTBRAND BEEF, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND ORDER

This case involving alleged antitrust violations and fraud in the marketing of Akaushi cattle is nearing the end of discovery. In June 2013, Defendants HeartBrand Beef, Inc., American Akaushi Association, and Ronald Beeman moved for judgment on the pleadings with respect to Plaintiff Bear Ranch's request for a declaration regarding its affirmative defense of fraudulent inducement. Plaintiff subsequently moved for leave to amend its complaint in order to drop its antitrust claims and add a new damages claim for fraudulent inducement. Defendants object, arguing that Plaintiff has unduly delayed amending its complaint and that they will suffer prejudice if the amendment is allowed. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for leave to amend.

## I.   BACKGROUND

As this Court noted in a previous Order, Defendant HeartBrand Beef, Inc. "is the self-proclaimed sole source of 100% pure Akaushi beef in the United

States." *Bear Ranch, LLC v. HeartBrand Beef, Inc.*, 286 F.R.D. 313, 314 (S.D. Tex. 2012). Plaintiff Bear Ranch purchased almost 1,200 Akaushi cattle from Defendants and other, related suppliers in 2010 and 2011. As part of the purchases, they agreed to certain use and alienation restrictions on the cattle.

In March 2012, Plaintiff filed suit under the Sherman Act and the Packers & Stockyards Act seeking declaratory and injunctive relief to invalidate the restrictions, arguing that Defendants were "monopolizing the market for Akaushi beef products in the United States and engaging in unfair practices in the livestock industry." Docket Entry No. 1 at ¶ 1. Alternatively, Plaintiff requested a declaration that the restrictions were unenforceable because Defendants were not actually the sole source of Akaushi cattle, and as a result Plaintiff was fraudulently induced to enter into the contract. *See id.* at ¶¶ 47–52.

After a year of discovery, focus has shifted from the antitrust claims, which formed the bulk of Plaintiff's complaint, to fraudulent inducement. On June 18, 2013, Defendants moved for judgment on the pleadings on Plaintiff's request for a declaration of fraudulent inducement. *See* Docket Entry No. 42. In response, Plaintiff requested leave to amend their complaint to add a new damages claim for fraudulent inducement. *See* Docket Entry No. 43. Defendants oppose granting leave to amend, arguing that Plaintiff "finds itself needing to start over with a new

theory." Docket Entry No. 49 at 2. In the alternative, Defendants request a continuance so that they may properly defend Plaintiff's new damages claim.

## II. DISCUSSION

The parties analyze the motion for leave to amend under Rule 16, which allows modifying the scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). However, because the Court never set a deadline for seeking leave to amend the pleadings, the more lenient Rule 15 standard applies.[1] *See* Tr. of Aug. 9, 2012 Scheduling Conference, Docket Entry No. 56 at 13 ("So, I am going to set a deadline of October 1st for an amended complaint to be filed, which means, if you file by that deadline, you don't need to seek leave of court, and anything after that deadline you would need to file for leave of court."). Thus, the Court should allow amendment if "justice so requires," Fed. R. Civ. P. 15(a)(2), but may deny amendment for "undue delay, bad faith or dilatory motive on the part of the movant . . . [or] undue prejudice to the opposing party." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

Defendants argue that Plaintiff, knowing its original claims to be unmeritorious, engaged in undue delay by waiting to amend until "only thirty days

---

[1] This Court's normal practice, which it followed in this case, is to set a deadline by which the parties may amend their pleadings without leave, and after which the parties may still amend as long as they obtain leave from the Court.

before the discovery and summary judgment deadlines." Docket Entry No. 49 at 10. Plaintiff argues in response that it has been diligently prosecuting its fraudulent inducement claim and only recently learned the full extent of Defendants' alleged misrepresentations concerning the supposed exclusive nature of their Akaushi cattle. *See* Docket Entry No. 53 at 4–6. Because it does appear that some new information relevant to fraudulent inducement has come to light during discovery, the Court finds that Plaintiff did not unduly delay in seeking leave to amend in this case.

Defendants also argue they will be unduly prejudiced if Plaintiff is granted leave to amend because (i) they will suffer additional costs defending against the new damages claim; (ii) discovery is nearly over and the deadline for designating expert witnesses, one of which Defendants would need to respond to Plaintiff's new claim for damages, has passed; and (iii) they have spent a great deal of money defending against the antitrust claims which Plaintiff, by amending its complaint rather than seeking voluntary dismissal under Rule 41(a)(2), will be able to drop without consequence.

Most of Defendants' concerns can be satisfied or mitigated. The amended complaint will not require substantial additional discovery. Plaintiff is not adding a new claim based on a previously unpleaded transaction, but is merely adding a damages component to the fraudulent inducement allegations pleaded in its

original complaint, and on which the parties have conducted discovery. *Compare Bamm, Inc. v. GAF Corp.*, 651 F.2d 389, 391 (5th Cir. 1981) ("We are unable to perceive undue prejudice to [defendant] in allowing the addition of fraud and negligence claims to a warranty action involving the same transaction."), *and Rimkus Consulting Grp. v. Cammarata*, 257 F.R.D. 127, 135 (S.D. Tex. 2009) ("Although [defendant's] excuse for the delay is less than compelling, adding the counterclaim will not substantially delay the suit because it involves the same transaction or occurrence as the claims at issue."), *with McDade v. Wells Fargo Bank, N.A.*, No. H-10-3733, 2011 WL 4860023, at *4 (S.D. Tex. Oct. 13, 2011) (denying leave to amend when the plaintiff attempted to bring new claims based on a different set of facts than that alleged in the original complaint).  The main problem in allowing Plaintiff to add the damages component is that Defendants will need to retain a valuation expert to defend this claim.  But, because the Court will give Defendants ample time to retain an expert, any prejudice the amendment may cause will be mitigated.  Moreover, allowing the amendment will also have some beneficial effects that will help offset any increased costs.  The proposed amended complaint will, as Plaintiff argues, narrow the issues to be decided at trial.  It will, among other things, eliminate the need for Defendants to file a costly motion for summary judgment, or to conduct a lengthy trial, on Plaintiff's antitrust claims.  Finally, as Plaintiff suggests, the Court will restrict Plaintiff's ability to

refile its antitrust claims in the future, thus alleviating any potential harm to Defendants on that issue.

### III. CONCLUSION

Under Rule 15, which "evinces a bias in favor of granting leave to amend," *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks omitted), the Court finds that Plaintiff should be allowed to amend its complaint. It therefore **GRANTS** Plaintiff's motion for leave to amend (Docket Entry No. 43) on the condition that, if Plaintiff ever wishes to reassert the now-abandoned claims detailed in its original complaint, it may only do so before this Court, in the Victoria Division of the Southern District of Texas. Because leave to amend is granted, the Court **DENIES** Defendants' motion for judgment on the now-superseded original pleadings (Docket Entry No. 42) without prejudice to reasserting those arguments with respect to the amended complaint. The Court will enter an appropriate continuance by separate Order.

**IT IS SO ORDERED**.

**SIGNED** this 26th day of August, 2013.

_____
Gregg Costa
United States District Judge