IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BEAR RANCH, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:12-cv-00014 |
| | § | |
| HEARTBRAND BEEF, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S REJOINDER TO
SUR-REPLY ON MOTION TO EXCLUDE**

Bear Ranch files this brief rejoinder on certain statements in the sur-reply on

the motion to exclude testimony of Jeffrey Andrien (Dkt. #150).

***First***, HeartBrand argues that its fraud claim as to the 2010 sale is based on a

misrepresentation of "purpose."  That theory was dismissed:

> The Court therefore *dismisses* HeartBrand's fraudulent inducement
> claim based on the *first alleged misrepresentation about Bear Ranch's
> purpose in entering into the July 2010 contract*, but reserves ruling on
> the second alleged misrepresentation about complying with the
> contract's restrictions pending further clarification.

Dkt. #91 at 23 (emph. added).  There is no purpose-fraud theory left in the case.

Nor have any contract obligations other than the data-related duties been

pleaded as a basis for the pending false-promise theory.  *See* Dkt. #111 (live

counterclaims) ¶¶21-22 (describing the duties Bear Ranch allegedly never intended

to perform – the registration/rule duties); *id.* ¶35 (pleading those duties and an alleged calf-sale duty as basis for false-promise claim).  HeartBrand had to plead particularly any other basis of its claim, Fed. R. Civ. P. 9(b), and it has not.  The Court ruled that Bear Ranch has no contract duty to sell calves, Dkt. #91 at 11, so HeartBrand's live fraud claim on the 2010 sale is about an allegedly false promise to perform the AAA duties it pleaded.  We believe that claim is ripe for dismissal.

**Second,** regarding timeliness, HeartBrand did not have permission to expand its old claims.  The Court delayed the April trial setting to allow adjustment *on matters affected by the MSJ ruling.*  Dkt. #110 (denying expansion of the case).  The Court did not allow HeartBrand to re-do its damages theory entirely, to account for a supposed $48 million "loss" nowhere reflected in HeartBrand's books, on a sale always agreed to be under contract.  Before trial, we argued that the May 1 opinion was untimely and unrelated to the MSJ ruling.  The Court granted the limine motion for its reasons it knows best, Dkt. Entry of 5/16/2014, and nothing has shown that the new opinion is somehow related to the MSJ.  Because it was offered after dispositive motions and expert deadlines, this $48 million opinion is untimely.  Dkt. #127 at 9-11 (cases excluding such opinions).

## Conclusion

Bear Ranch respectfully requests that the Court exclude at trial the expert testimony of Jeffrey Andrien.

Dated:  May 25, 2014

Respectfully submitted,

/s/ R. Paul Yetter
R. Paul Yetter
Attorney-in-Charge
State Bar No. 22154200
Collin J. Cox
State Bar No. 24031977
J. Campbell Barker
State Bar No. 24049125
YETTER COLEMAN LLP
909 Fannin, Suite 3600
Houston, Texas 77010
(713) 632-8000
(713) 632-8002 (Fax)

Andrew R. Seger
State Bar No. 24046815
THE SEGER FIRM, P.C.
P.O. Box 98433
Lubbock, Texas 79499
(806) 793-1906
(806) 793-1979 (Fax)

Attorneys for Plaintiff Bear Ranch, LLC

## Certificate of Service

I certify that on May 25, 2014, a copy of this document was served on all counsel of record using the Court's e-filing system.

/s/ J. Campbell Barker
J. Campbell Barker

-3-