IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BEAR RANCH, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:12-cv-00014 |
| | § | |
| HEARTBRAND BEEF, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**BEAR RANCH'S SUR-REPLY ON
DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT**

Bear Ranch files this brief sur-reply addressing one discrete issue—the application of Chapter 41 with respect to punitive damages—to which HeartBrand raised three new arguments in its amended reply in support of its motion for entry of judgment. (Dkt. #208) This briefing will streamline and focus the upcoming oral argument.

**I.  Chapter 41's Restrictions on Exemplary Damages Are Not Waived.**

Bear Ranch has argued two restrictions on exemplary damages: § 41.004's recovery-of-actual-damages requirement, and § 41.008's restriction on the amount of exemplary damages. *See* Tex. Civ. Prac. & Rem. Code §§ 41.004, 41.008.

As to the first, Bear Ranch has already explained why neither a Rule 50 motion nor a charge objection is required to apply § 41.004, as HeartBrand argues. Pl.'s JMOL Reply (Dkt. #196) at 23-24 & n.4. That statute presents no fact issue. It simply prohibits exemplary damages absent recovery of actual damages.

As to the second, HeartBrand argues that Bear Ranch has waived the cap on exemplary damages under § 41.008 by failing to plead it as an affirmative defense. Am. Reply (Dkt. #208) at 27. That argument is incorrect for three reasons.

First, the § 41.008 statutory cap is not an affirmative defense, as two Texas courts of appeals have explained. *Hall v. Diamond Shamrock Refining Co., L.P.*, 82 S.W.3d 5, 22 (Tex. App.—San Antonio 2001) ("the exemplary damages cap is not an affirmative defense."), *reversed on other grounds sub nom.*, 168 S.W.3d 164 (Tex. 2005); *Seminole Pipeline Co. v. Broad Leaf Ptrs., Inc.*, 979 S.W.2d 730, 758-59 (Tex. App.—Hous. [14th Dist.] 1998, no pet.) (rejecting the argument that defendants "waived any right to assert the statutory cap on punitive damages because they did not raise the cap in their pleadings"); *id.* ("Because the defendants had nothing to prove, they had nothing to plead.").[1]

As *Seminole* explained, punitive damages "are a windfall" subject to control by the Legislature "and not a matter of right." 979 S.W.2d at 758. The statutory

---

[1] *Seminole* discusses § 41.007, *id.* at 750, where the cap was codified at the time of the conduct at issue there, before the 1995 amendments moved the cap to § 41.008. *See* Acts 1995, 74th Leg., ch. 19, § 1, eff. Sept. 1, 1995.

cap on punitive damages is not an affirmative defense to be proved to the jury, but rather a universal safeguard enacted by the Legislature "to minimize the risk of unjust punishment." *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994), *superseded by statute in other regards by* Tex. Civ. Prac. & Rem. Code § 41.003(b) (raising standard of proof to clear and convincing). There is nothing to prove to apply the cap, and a defendant thus "ha[s] no burden to raise the statutory cap in the[] pleadings." *Seminole*, 979 S.W.2d at 759.

In fact, Chapter 41 carves out § 41.008 in defining the issues for the trier of fact. Tex. Civ. Prac. & Rem. Code § 41.010(b) (stating that the jury decides on the amount of exemplary damages, but that the jury's decision is "Subject to Section 41.008"). Chapter 41 bans disclosing § 41.008's provisions to the jury in any manner, confirming that there is nothing to plead. Tex. Civ. Prac. & Rem. Code § 41.008(e). The Court should not graft uncodified requirements onto the law.

HeartBrand cites *Wackenhut Corrections Corp. v. de la Rosa*, 305 S.W.3d 594 (Tex. App.—Corpus Christi 2009, no pet.), which goes the other way, but that court failed to appreciate that the statutory cap is a legislatively mandated, universally applicable policy. *See Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 612 (5th Cir. 2007) (rejecting plaintiff's argument that the amount of the statutory cap, which was unpleaded there, had to be determined before trial, "[i]n light of the broad language in Chapter 41 reaching any punitive damage

3

awards except for certain enumerated actions not relevant here"). By statute, HeartBrand knew it had to recover compensatory damages if it wished to avoid the statutory cap of § 41.008(b)(2), just as it knew § 41.003 required proof by clear and convincing evidence to recover exemplary damages. Bear Ranch had nothing to prove. There is no requirement to plead the statutory cap.

Second, even assuming a pleading requirement, Bear Ranch in fact pleaded that "the relief sought is an unenforceable penalty." Answer (Dkt. #62) at 71. While that broad pleading does not identify any specific reasons, a court should construe pleadings in the interests of justice, Fed. R. Civ. P. 8(e), and HeartBrand did not seek more particularity or serve interrogatories on the matter.

Third, even further assuming a requirement to plead more than Bear Ranch has pleaded, that does not mean the statutory cap is waived. The Fifth Circuit in *Arismendez* in fact bypassed the question whether the cap is an affirmative defense because, even if it were, no waiver would result where the defendant "did raise it prior to entry of judgment" and "there were no factual issues to determine." 493 F.3d at 611. Bear Ranch in fact raised the statutory restrictions to style the exemplary-damages instruction so the restrictions could be applied claim-by-claim. 5/27/14 Tr. at 411-12. HeartBrand expressed no surprise. *Id.* Nor is Bear Ranch aware of any federal case deeming the statutory cap an affirmative defense within the meaning of Federal Rule of Civil Procedure 8. *Cf. Proctor v. Fluor Enters.,*

*Inc.*, 494 F.3d 1337, 1351 (11th Cir. 2007) (finding no waiver of an unpleaded borrowed-servant doctrine, even after holding that Alabama law deemed it an affirmative defense, because "[t]he general rule of waiver is more easily applied when a party fails to set forth one of the nineteen defenses specifically listed in Rule 8(c)"). Indeed, HeartBrand did not itself plead the cap in response to Bear Ranch's claim for exemplary damages. Pl.'s Am. Compl. (Dkt. #59) at 16; Defs.' Answer (Dkt. #61) at 36-37. And contrary to HeartBrand's suggestion (Am. Reply 27), no factual exemptions are in play here. The only exemptions in § 41.008 are categorical, for claims of manufacturing methamphetamine (§ 41.008(f)) or other enumerated criminal conduct (§ 41.008(c)), none of which is any more relevant here than in *Arismendez*. Moreover, the Court specifically denied HeartBrand leave to add new factual matters for trial when it added new equitable pleadings, Order (Dkt. #110), so it is unclear why HeartBrand believes it could have secured a jury finding on any new matter.

## II. Chapter 41 Applies: HeartBrand Sought Damages.

Contrary to HeartBrand's argument (Am. Reply at 27-28), Chapter 41 applies here for the simple reason that HeartBrand sought damages. Bear Ranch did not think this was disputed.

Chapter 41 "applies to any action in which a claimant seeks damages relating to a cause of action." Tex. Civ. Prac. & Rem. Code § 41.002(a). HeartBrand

expressly pleaded for damages, not only in this "action," but on the specific fraud cause of action on which the jury assessed liability. First Am. Counterclaims (Dkt. #61) at 19 ¶ 47. Indeed, HeartBrand got that fraud claim past summary judgment by saying that it was seeking out-of-pocket damages, which would not be barred by the statute of frauds. Order (Dkt. #91) at 24-25 (so noting). HeartBrand's expert then calculated expectancy damages on this claim and intended to testify to them at trial. 5/1/14 Andrien Suppl. Rpt. at 4, 12-13 (calculating lost profits on the 30% of Bear Ranch's calves that it allegedly promised orally to sell to HeartBrand). After Bear Ranch's reminder that such expectancy damages are not recoverable on this claim, HeartBrand withdrew that proof. Mot. in Limine (Dkt. #127) at 12 (No. 17); 5/22/14 Tr. at 21:21-22:10. And HeartBrand chose not to submit its proposed jury question on out-of-pocket damages on this claim, *see* Defs.' Proposed Instr. (Dkt. #115) at 30, likely because it did not wish any such number to be dwarfed by and thus undermine the astounding and last-minute $77 million its expert testified to as alleged unjust enrichment on this claim.

HeartBrand sought damages on this claim. It simply never recovered them. HeartBrand also sought (but did not recover) damages on its other claims in this action. Chapter 41 thus applies. Indeed, if Chapter 41 somehow did not apply, it is unclear why HeartBrand itself proposed the clear-and-convincing standard of proof required by § 41.003, citing that provision as applicable, *id.* at 39, and why the

Court used it. A similar point can be made about § 41.007, which provides that prejudgment interest "may not be assessed or recovered on an award of exemplary damages"; not even HeartBrand argues that this provision does not apply here. Indeed, if HeartBrand did not even seek damages in this action, it would be unclear whether this Court would have the power to award exemplary damages in the first place, as courts sitting purely in equity do not sit to impose punishment. Chapter 41 applies by its plain terms.

### III. Any Allowed Exemplary Damages Are Capped at $200,000.

Chapter 41 applies in this action and restricts the award of exemplary damages. Even if some exemplary damages are allowable because a disgorgement of unjust enrichment qualifies as "damages" within the meaning of § 41.004, which Bear Ranch disputes, such a disgorgement award does not bypass the $200,000 statutory cap of § 41.008(b)(2). The alternative statutory cap HeartBrand wishes to invoke turns on the amount of any "economic damages" or "noneconomic damages," which are the two types of "compensatory damages." Tex. Civ. Prac. & Rem. Code § 41.008(b)(1); *see id.* § 41.001(8) ("'Compensatory damages' means economic and noneconomic damages.").

HeartBrand has not recovered either type of compensatory damages. "Economic damages" are defined as damages intended to "compensate a claimant for actual economic or compensatory loss." *Id.* § 41.001(4). As Bear Ranch has

7

already explained, Resp. (Dkt. #199) at 45-46, "economic damages" thus plainly exclude a disgorgement award, which by its nature turns on a defendant's gain and not the amount of any loss to the plaintiff.  HeartBrand cites no contrary authority.

HeartBrand now wrongly argues (Am. Reply 41 n.62) that a disgorgement award might be "noneconomic damages."  "Noneconomic damages" are defined as "damages awarded for the purpose of compensating a claimant for physical pain and suffering, mental or emotional pain or anguish, loss of consortium, disfigurement, physical impairment, loss of companionship and society, inconvenience, loss of enjoyment of life, injury to reputation, and all other nonpecuniary losses of any kind other than exemplary damages."  Tex. Civ. Prac. & Rem. Code § 41.008(12).  This is simply the second type of compensatory damages, compensating a claimant for its nonpecuniary losses.  A disgorgement award, again, requires no proof of a plaintiff's loss but rather turns on the extent of a defendant's own unjustified gain. HeartBrand did not recover any "noneconomic damages" on this claim.  Indeed, it is unclear how a juridical entity such as HeartBrand Beef, Inc. could have a claim for physical pain and suffering, emotional anguish, or other nonpecuniary losses.

If allowed under Chapter 41, exemplary damages are capped at $200,000.

| Dated: September 20, 2014 | Respectfully submitted, |
|---|---|
| | /s/ R. Paul Yetter |
| | R. Paul Yetter |
| | Attorney-in-Charge |
| | State Bar No. 22154200 |
| | Collin J. Cox |
| | State Bar No. 24031977 |
| | J. Campbell Barker |
| | State Bar No. 24049125 |
| | YETTER COLEMAN LLP |
| | 909 Fannin, Suite 3600 |
| | Houston, Texas 77010 |
| | (713) 632-8000 |
| | (713) 632-8002 (Fax) |
| | |
| | Andrew R. Seger |
| | State Bar No. 24046815 |
| | THE SEGER FIRM, P.C. |
| | P.O. Box 98433 |
| | Lubbock, Texas 79499 |
| | (806) 793-1906 |
| | (806) 793-1979 (Fax) |
| | |
| | Attorneys for Plaintiff Bear Ranch, LLC |

## CERTIFICATE OF SERVICE

I certify that on September 20, 2014, a copy of this document was served on all counsel of record using the Court's e-filing system.

/s/ J. Campbell Barker
J. Campbell Barker