IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BEAR RANCH, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:12-cv-14 |
| | § | |
| HEARTBRAND BEEF, INC., | § | |
| AMERICAN AKAUSHI | § | |
| ASSOCIATION, INC., | § | |
| and RONALD BEEMAN, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' REJOINDER TO BEAR RANCH'S SUR-REPLY ON DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT

With regret and due concern for the burdens imposed by excessive briefing, Defendants submit this Rejoinder to Bear Ranch's Sur-Reply on Defendants' Motion for Entry of Judgment (Dkt. #215). While many of the arguments in the Sur-Reply have already been presented by Bear Ranch and require no further comment, the primary argument is based on a misleading description of three cases newly presented by Bear Ranch, necessitating this final response.

In the Sur-Reply, Bear Ranch seeks to excuse its failure to plead the exemplary damages cap on which it bases its argument for avoiding the jury's punishment finding. Bear Ranch seeks to avoid the holding of *Wackenhut Corrections Corp. v. de la Rosa,* 305 S.W.3d 594 (Tex. App.—Corpus Christi

2009, no pet.), which holds that the caps on exemplary damages in Texas Civil Practice & Remedies Code § 41.008 are an affirmative defense that must be plead, or else they will be waived. Dkt. #208 at 33. Bear Ranch, describing the *Wackenhut* case as simply one that "goes the other way" and that "failed to appreciate" the policy implications in the statute at issue, relies on two earlier cases that reached an opposite conclusion: *Hall v. Diamond Shamrock Refining Co., L.P.*, 82 S.W.3d 5 (Tex. App.—San Antonio 2001), *rev'd on other grounds sub nom.*, 168 S.W.3d 164 (Tex. 2005); and *Seminole Pipeline Co. v. Broad Leaf Partners, Inc.*, 979 S.W.2d 730 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

Bear Ranch fails to mention that *Seminole Pipeline* addressed an older version of the statute, and in the older version, the cap exceptions enumerated in Section 41.008(c) did not exist.[1] Accordingly, *Seminole Pipeline* concluded that "the cap automatically applies," and there would be no need to plead its application. *Id.* at 759. The *Hall* case was plead under an amended version of the statute, and in fact, the appeals court noted that the defendant *had* specifically plead the Section 41.008 cap. *Hall*, 82 S.W.3d at 22. The *Hall* court went on to

---

[1] *See Seminole Pipeline*, 979 S.W.2d at 759 & n.33. The exceptions were added (and the caps relocated into § 41.008) in 1995, when the Legislature overhauled Chapter 41. Act of June 3, 1987, 70th Leg., 1st C.S., ch. 2, § 2.12, sec. 41.007, 1987 Tex. Gen. Laws 37, 46, *amended and renumbered by* Act of April 11, 1995, 74th Leg., R.S., ch. 19, § 1, 1995 Tex. Gen. Laws 108, 111; *see also Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 n.10 (Tex. 2000) (explaining that § 41.007, which *Seminole Pipeline* discussed, differed from § 41.008 in the calculations of maximum amounts recoverable and because "the newer version—Section 41.008—renders the punitive damages wholly inapplicable to causes of action in which a party knowingly or intentionally violates one of fifteen enumerated criminal statutes.").

discuss with approval the *Seminole Pipeline* reasoning, but specifically referenced as the basis for that approval the pre-amendment statutory language on which the *Seminole Pipeline* court relied. *Hall*, 82 S.W.3d at 22-23. As such, *Hall* did not analyze the current version of the statute either.

*Wackenhut*, however, construed the current version of the statute, and considering the proof issues presented by the current version, rejected the reasoning of *Hall* and *Seminole Pipeline*. *Wackenhut*, 305 S.W.3d at 652. First, the *Wackenhut* court specifically noted that other courts, including the Fifth Circuit, have held that statutory limits on damages are affirmative defenses that must be pleaded timely. *Id.* Second, the *Wackenhut* court explained that the affirmative defense must be pleaded not just because the defendant intends to offer evidence but because the plaintiff must be put on notice that the affirmative defense must be defeated (and can structure her case accordingly). *Id.* Thus, *Wackenhut* holds that "section 41.008(b) does not automatically apply in every case" because "[s]ection 41.008(c) provides several 'cap-busting' theories that can apply in a given case." *Id.* at 653.

The *Wackenhut* court's reason for finding the § 41.008 caps to be an affirmative defense—the need to place the plaintiff on notice so that the plaintiff can structure his or her case with the exceptions in mind—was not addressed in *Seminole Pipeline* because the § 41.008(c) exceptions to the caps did not exist

when *Seminole Pipeline* was decided. *Seminole Pipeline* and *Hall* thus do not contravene *Wackenhut*; they do not even address the same statutory regime. *Wackenhut* demonstrates how the current form of § 41.008 should be construed: as an affirmative defense that a defendant must plead.

Reasoning by the Texas Supreme Court supports the *Wackenhut* conclusion. In *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887 (Tex. 2000), the Texas Supreme Court examined whether the defendant pleaded the amended Section 41.008 statutory cap. Seeming to agree with the lower court that the cap represents a defense of avoidance that must be plead,[2] the court reviewed the pleadings on a fair-notice standard. *See id.* at 896-97 (noting that defendant's answer gave adequate and fair notice that defendant intended to invoke the punitive damages caps even though the answer cited the newly enacted § 41.008 rather than the then-applicable § 41.007). If Bear Ranch were right that the cap need not be plead, the Texas Supreme Court would have had no reason to discuss fair notice in *Horizon*, since the defendant could simply raise the issue at the entry of judgment stage. It is therefore fair to predict that the Supreme Court would agree with *Wackenhut* that the § 41.008 caps are affirmative defenses that must be pleaded by the defendant.

---

[2] *See Horizon/CMS Healthcare Corp. v. Auld*, 985 S.W.2d 216, 233 (Tex. App.—Fort Worth 1999) ("A defendant who pleads the intent to rely at trial on a statutory cap of anticipated punitive damages is simply pleading a defensive theory by which the defendant will try to avoid a portion of the damages the plaintiff seeks. Parties have a duty to affirmatively plead defenses of avoidance."), *rev'd in part on other grounds*, 34 S.W.3d 887 (Tex. 2000).

Bear Ranch did not plead the § 41.008 caps, notwithstanding its desperate attempt to point to language in its answer that even it must admit could only be interpreted as relevant if viewed in an especially "broad" way.[3] Thus, Bear Ranch has waived any § 41.008-based argument against an award of exemplary damages as of the pleading stage (independent of its failure to raise this issue in the pre-verdict Rule 50 motion, and independent of the inapplicability of the caps altogether).

Citing *Arismendez v. Nightengale Home Health Care, Inc.*, 493 F.3d 62 (5th Cir. 2007), Bear Ranch now argues that there may be ways to assert the cap short of a formal pleading, but the case offers no solace to Bear Ranch. The court in *Arismendez* observed that, unlike Bear Ranch here, the parties had referred to the statutory caps in the joint pretrial order for the case, plainly demonstrating that the plaintiff was aware that the caps were in play in the manner contemplated by *Wackenhut*. *Id* at 611. With the plaintiff on notice, and no factual issues to be determined that would be relevant to the statutory caps, there was no potential prejudice. *Id.*; *see also Wackenhut*, 305 S.W.3d at 653 ("The family was entitled to notice that Wackenhut intended to assert the cap so that its case could be

---

[3] Dkt. #215 at 4. Bear Ranch points to language in the answer stating that certain "relief sought is an unenforceable penalty." *Id.* The Court will recognize this language as Bear Ranch's previous contention that the "unenforceable penalty" doctrine applied to the remedy clause in the Full-Blood Contract allowing repossession of the cattle. *See, e.g.*, Plaintiff's Motion for Partial Summary Judgment (Dkt. #72) at 27. The suggestion that this line in the pleading was simply an oddly worded reference to the exemplary damages cap is disingenuous in the extreme. In any event, it would not excuse Bear Ranch's failure to plead the § 41.008 caps in accordance with the fair-notice standards advocated by the Texas Supreme Court in *Horizon*.

structured to present a 'cap-busting' theory."). Had Bear Ranch properly pleaded the statutory caps, the question of their application would have been fairly presented, and the parties and the Court would be in a position to ask the jury to determine factual issues relevant to an exception to the caps. Since Bear Ranch did not assert that the cap applied (whether in its pleadings, its Rule 50(a) motion, or in any other fashion), there was no opportunity to secure such findings. The *Arismendez* result does not apply.

Bear Ranch's other attempted excuses for the multiple waivers of its exemplary damages arguments having already been addressed, Defendants stand on their prior briefing and respectfully request entry of judgment.

Respectfully submitted,

VINSON & ELKINS L.L.P.


*/s/ James A. Reeder, Jr.*
James A. Reeder, Jr.
Attorney-in-Charge
Texas Bar No. 16695010
Federal Bar No. 12381
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Telephone: 713-758-2636
Facsimile: 713-615-5033

OF COUNSEL:

Jason M. Powers
Texas Bar No. 24007867
Federal Bar No. 23567
Stacy M. Neal
Texas Bar No. 24060322
Federal Bar No. 892868
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760

**ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2014, a true and correct copy of the foregoing document was served on all counsel of record via the Court's electronic filing system.

*/s/ Jason M. Powers*
Jason M. Powers