# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| BEAR RANCH, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:12-cv-00014 |
| | § | |
| HEARTBRAND BEEF, INC., | § | |
| AMERICAN AKAUSHI | § | |
| ASSOCIATION, INC., | § | |
| and RONALD BEEMAN, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S SUBMISSION OF PROPOSED JUDGMENT
## IN COMPLIANCE WITH COURT ORDER

The Court directed the parties to jointly file a proposed final judgment reflecting the rulings in its September 4, 2015 Order (Dkt. #240), as well as the previous rulings on the claims for declaratory relief. Plaintiff Bear Ranch, LLC tried to agree with defendants on a form of proposed judgment, without success. Defendants apparently intend to seek a judgment that does not track the Order, to which Bear Ranch will respond specifically later this week.

In the meantime, without waiver of its position and pursuant to the Court's direction, Bear Ranch respectfully and separately submits the attached proposed judgment, which conforms to the Court's Order and prior rulings except for adding a proposed maintenance cost (based on HeartBrand's expert testimony) and a

transportation cost born by the buyer (consistent with the parties' original transactions).  Bear Ranch respectfully reserves its right to appeal aspects of this judgment on the grounds it previously has asserted.

Dated:  September 28, 2015	Respectfully submitted,

/s/ R. Paul Yetter
R. Paul Yetter
Attorney-in-Charge
State Bar No. 22154200
James E. Zucker
State Bar No. 24067086
YETTER COLEMAN LLP
909 Fannin, Suite 3600
Houston, Texas 77010
(713) 632-8000
(713) 632-8002 (Fax)

Andrew R. Seger
State Bar No. 24046815
KEY TERRELL & SEGER, LLP
P.O. Box 98433
Lubbock, Texas 79499
(806) 793-1906
(806) 792-2135 (Fax)

Attorneys for Plaintiff Bear Ranch, LLC

## Certificate of Service

I certify that on September 28, 2015, a copy of this document was served on all counsel of record using the Court's e-filing system.

/s/ James E. Zucker
James E. Zucker

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BEAR RANCH, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:12-cv-00014 |
| | § | |
| HEARTBRAND BEEF, INC., | § | |
| AMERICAN AKAUSHI | § | |
| ASSOCIATION, INC., | § | |
| and RONALD BEEMAN, | § | |
| | § | |
| Defendants. | § | |

**SUBMISSION OF PROPOSED JUDGMENT
IN COMPLIANCE WITH COURT ORDER**

Plaintiff Bear Ranch, LLC brought five claims against defendants HeartBrand Beef, Inc., the American Akaushi Association, Inc., and Ronald Beeman. Counter-claimants HeartBrand and Beeman brought six claims against Bear Ranch. Prior to trial, the Court made the following rulings:

- On November 26, 2013, the Court dismissed Bear Ranch's claim for a declaratory judgment concerning its defense of fraudulent inducement of contract (Claim 2).  Dkt. #70.

- On March 18, 2014, the Court ruled on Bear Ranch's motion for summary judgment. Dkt. #91.  Specifically, the Court:

    o granted partial summary judgment to Bear Ranch on its declaratory claim that the Full-Blood Contract restrictions from July 2010, with the exception of certain provisions, do not apply to the cattle purchased from Spears, Beeman, and Twinwood (Claim 4);

- o granted summary judgment to Bear Ranch on HeartBrand's claims regarding alleged misrepresentation about Bear Ranch's purpose in acquiring the cattle, while reserving rulings on other alleged misrepresentations (Counterclaims 1 and 5);

- o granted summary judgment to Bear Ranch on Beeman's fraud claim (Counterclaim 2); and

- o granted summary judgment to Bear Ranch on HeartBrand's contract claim relating to failure to sell offspring to HeartBrand, but ruled that other alleged breaches relating to AAA registration, enrollment, reporting, and rules remained (Counterclaim 6).

On May 16, 2014, the Court called this case for trial as to the parties' remaining claims. Plaintiff Bear Ranch and defendants HeartBrand, American Akaushi Association, and Beeman appeared and announced ready for trial. Having determined that it had jurisdiction over the subject matter and the parties in this case, the Court impaneled and swore in the jury, which heard the evidence and arguments of counsel.

- On May 27, 2014, the Court dismissed Bear Ranch's contract claim against HeartBrand (Claim 3). Minute Entry of 5/27/14.

The Court then submitted questions, definitions, and instructions to the jury, but not with regard to defendant American Akaushi Association. In response, the jury made findings, including advisory findings, that the Court received, filed, and entered of record. The jury found in response to the Court's questions that:

- HeartBrand did not fraudulently induce Bear Ranch to agree to the HeartBrand purchase;

- Bear Ranch did not fraudulently induce HeartBrand to enter into the 2010 Agreements;

- Bear Ranch did fraudulently induce HeartBrand's approval of the Beeman Purchase;

- Bear Ranch did not fraudulently induce HeartBrand to approve the Twinwood Purchase;

- Bear Ranch was unjustly enriched by purchasing cattle in 2011 from Beeman in the amount of $23,199,000;

- Harm to HeartBrand resulted from fraud by Bear Ranch by clear and convincing evidence with respect to the Beeman purchase, in the amount of $1,825,000;

- Bear Ranch failed to comply with the 2010 Full-Blood Contract or F-1 Program Contract;

- Bear Ranch's failure to comply was not excused; and

- Bear Ranch spent certain reasonable amounts acquiring, producing, and maintaining the cattle from the various cattle purchases, including:

  - Akaushi cattle that Bear Ranch acquired in the HeartBrand Purchase and any offspring of those animals: $6,034,000;

  - Akaushi cattle that Bear Ranch acquired in the Beeman Purchase and any offspring of those animals: $6,832,000;

  - Akaushi embryos in Bear Ranch's possession: $90,000; and

  - Straws of Akaushi semen in Bear Ranch's possession: $160,000.

The Court then ruled on HeartBrand's requested equitable remedies, sitting as a finder of fact. Dkt. #240.

The Court makes the following findings and adjustments concerning the verdict and the Court's rulings on HeartBrand's equitable remedies:

It is ORDERED, ADJUDGED, and DECREED that:

1. Bear Ranch is liable for fraudulent inducement committed against HeartBrand as to the Beeman Purchase.

2. Bear Ranch is liable for breach of contract for failure to comply with the 2010 Full Blood Contract.

3. HeartBrand is entitled to recover $1,825,000 as exemplary damages.

4. *HeartBrand Purchase Cattle.* The Court orders that HeartBrand will repossess all cattle, including progeny, from HeartBrand's 2010 sale to Bear Ranch, in accordance with the 2010 Full Blood Contract. The trial record reflects there were 1,548 head of cattle from the 2010 HeartBrand sale, and the jury found that the buy-back price, reflecting the reasonable amount of acquiring, producing, and maintaining these cattle, was $6,034,000, or $3,898 per head. HeartBrand will pay to Bear Ranch by wire transfer $3,898 per head, plus the maintenance costs detailed below, simultaneously with the transfer of title of the cattle. HeartBrand will bear the cost of transporting the cattle from Bear Ranch's facilities in Colorado and Texas.

5. *Beeman Purchase Cattle.* The Court orders the imposition of a constructive trust over the Beeman cattle. Bear Ranch will hold these cattle in constructive trust for HeartBrand, which will have an equitable claim to the cattle, and Bear Ranch will surrender the cattle to HeartBrand upon receipt of payment for Bear Ranch's costs. The trial record reflects there were 1,800 head of cattle

from the 2011 Beeman sale, and the jury found that the buy-back price, reflecting the reasonable amount of acquiring, producing, and maintaining these cattle, was $6,832,000, or $3,796 per head. HeartBrand will pay to Bear Ranch by wire transfer $3,796 per head, plus the maintenance costs detailed below, simultaneously with the transfer of title of the cattle. HeartBrand will bear the cost of transporting the cattle from Bear Ranch's facilities in Colorado and Texas. Since HeartBrand does not wish to reacquire the cattle on these terms, the Court authorizes and orders a judicial sale or auction process, to be completed within 90 days from the date of this order, in which the cattle will be sold without contract restrictions. Proceeds from the judicial sale or auction up to $3,796 per head, plus the maintenance costs detailed below, will be paid to Bear Ranch, with any proceeds above that amount paid to HeartBrand.

6.  *Undetermined Lineage.* The Court orders that, as to any cattle of undetermined lineage, HeartBrand will be entitled to repossess the cattle, in accordance with all terms and conditions of paragraph 5 of this judgment addressing the Beeman Purchase cattle, including election between repossession upon payment by wire transfer of the price of $3,796 per head, plus maintenance costs, or disposition by judicial sale or auction.

7.  *Maintenance Costs.* HeartBrand will compensate Bear Ranch for its reasonable maintenance costs since the May 29, 2014 verdict, for all cattle that

HeartBrand repossesses. Based on testimony by HeartBrand's expert concerning maintenance costs for male and female cattle, depending on their age and whether they are breeders or for slaughter, the Court finds such costs as follows:

|  | 0-7.5 mos. | 7.5-16.5 mos. | 16.5 mos. & forward |
|---|---|---|---|
| **Male** | | | |
| **Breeder** | $3.07/day | $3.54/day | $0.96/day |
| **Terminate** | $3.07/day | $4.26/day | n/a |
| **Female** | | | |
| **Breeder** | $3.07/day | $3.43/day | $0.96/day |
| **Terminate** | $3.07/day | $4.26/day | n/a |

Maintenance costs will be calculated based on Bear Ranch's inventory as of the date HeartBrand repossesses the cattle.

8. *Genetics.* The Court orders that HeartBrand will repossess all Akaushi embryos and straws of Akaushi semen in Bear Ranch's possession. The jury found that the buy-back price, reflecting the reasonable amount of acquiring, producing, and maintaining the embryos and semen, to be $90,000 and $160,000, respectively. HeartBrand will pay to Bear Ranch by wire transfer $250,000, simultaneously with the transfer of title of the embryos and semen. HeartBrand will bear all costs, including storage and transportation costs, from the date of reacquiring title to the embryos and semen.

9. *Twinwood and Rancho Delhi Cattle.* In accordance with the Court's summary judgment ruling of March 18, 2014, as a matter of law, the Full-Blood Contract restrictions from July 2010, with the exception of certain provisions, do

not apply to the Akaushi cattle that Bear Ranch purchased from Rancho Delhi, Beeman, and Twinwood. Dkt. #91. As a matter of equity, the Court enters an injunction requiring Bear Ranch to abide by the 2010 contract restrictions for the Twinwood and Rancho Delhi Purchases cattle and their progeny.

10. Any request for costs or attorney fees will be filed within 30 days from the date of the Order. Dkt. #240.

11. The Court orders execution to issue for this judgment.

12. The Court denies all relief not granted in this judgment.

13. This is a Final Judgment.

Signed in Houston, Texas on this ____ day of _____, 2015.

_____
Hon. Gregg Costa
United States Circuit Judge
(sitting by designation)