# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BEAR RANCH, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:12-cv-00014 |
| | § | |
| HEARTBRAND BEEF, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF R. PAUL YETTER IN SUPPORT OF BEAR RANCH'S CLAIM FOR ATTORNEY FEES

1. I am at least 18 years of age, capable of making this declaration, and have personal knowledge of the facts stated below, and they are true and correct.

2. I am a lawyer licensed to practice in Texas. I have practiced law for over 30 years, have handled scores of trials in state and federal court, and have experience in breach-of-contract and other complex commercial cases. I also have experience in supervising other attorneys and coordinating the professional efforts of others for the prosecution and defense of complex litigation. I founded my firm in 1997, which now has over 30 lawyers. The firm was named to the "Litigation Boutique of the Year" list by *The American Lawyer* in 2005 and 2009, and it was named to the "Appellate Hot List" by the *National Law Journal* in 2010. In 2013, it was named "Litigation Department of the Year – Midsize Firm" by *The Texas Lawyer*. In 2012 and 2015, it was named to "Litigation Boutique Hot List" by the *National Law Journal*. I have tried other cases before this Court, which is familiar with my level of preparation and abilities in complex litigation.

3. The attorneys working with me have excellent reputations, abilities, and credentials and produce outstanding work product. In January 2015, Cam Barker began serving as the Deputy Solicitor General of the State of Texas. The firm's paralegals also have tremendous experience handling complex litigation matters.

4. Based on my experience, I am familiar with the various types of services appropriately, reasonably, and necessarily rendered by attorneys in this area in conjunction with the representation of clients. I am also familiar with: (i) the skill, experience, ability, and expertise appropriately, reasonably, and necessarily requisite to the rendition of these services by attorneys and paralegals; (ii) the amount of time and labor appropriately, reasonably, and necessarily expended by attorneys and paralegals in rendering these services to clients; and (iii) the usual and customary hourly fee rates

appropriately, reasonably, and necessarily charged and billed in Houston for time expended by attorneys and paralegals in rendering these services.

5. My opinions regarding reasonable and necessary attorney fees and costs in this case are based on my experience and familiarity with attorney fees and costs customarily awarded by courts in this area, the amount in controversy, the results obtained, the nature of this case, the amount of time spent on this case, the time and labor required, the skill required to perform the legal services properly, the nature and length of the professional relationship with the clients, the experience, reputation, and ability of the lawyers performing the services, and the probability that additional services may be required in the prosecution of this case.

6. As counsel to plaintiff Bear Ranch, Yetter Coleman attorneys expended a total of 719 hours in connection with the breach of contract counterclaim asserted in this action by defendant HeartBrand. Pursuant to its contract counterclaim, HeartBrand asserted that Bear Ranch had breached the Full-Blood contract between the parties by failing to sell to HeartBrand the offspring of Akaushi cattle purchased from HeartBrand or purchased in three subsequent sales, which HeartBrand contended were governed by the Full-Blood contract. On December 9, 2013, Bear Ranch moved for summary judgment on HeartBrand's contract claim, which this Court granted on March 18, 2014.

7. In successfully prevailing on that claim, Yetter Coleman attorneys were required to analyze and interpret the terms of applicable contractual agreements between the parties; perform an extensive factual investigation concerning the parties' business relationships; address a wide variety of difficult legal issues; review substantial discovery (over 20,000 pages of production, not including third parties), prepare for and either present or take depositions from three key witnesses; and engage in lengthy and protracted motion practice. This excludes time expended by these individuals on case-related tasks for which recovery of fees is not allowed.

8. Specifically, this excludes all time spent working on the case after the filing of Bear Ranch's MSJ Reply on January 14, 2014. The fees were further segregated by reviewing all time entries from March 2012 to January 2014 and only including fees related to HeartBrand's contract counterclaim. That segregation identified $1.1 million in fees from March 2012 to January 2014 that do not relate to HeartBrand's contract claim and that Bear Ranch does not request. Fees related to the depositions of Ronald Beeman, William Fielding, and Rob Gill were included, but not fees related to the other 19 depositions (out of 25 in the whole case) taken prior to January 2014. Legal research not related to HeartBrand's contract counterclaim was also excluded, for example research related solely to antitrust or fraud claims.

9. Yetter Coleman has represented Bear Ranch, its principal William Koch, or companies that he owns or controls, for over five years. During that time, we have

provided counsel in various matters at the trial and appellate levels. As a result of this representation, we have developed a strong professional relationship with this client.

10. The average hourly billing rate for attorneys at Yetter Coleman representing Bear Ranch against HeartBrand's contract claim was $410. The average billing rate for partners providing counsel related to HeartBrand's contract claim is $508 and for non-partners $362. Mr. Barker became a partner in January 2014. These rates are discounted from the standard rates of Yetter Coleman and are within the range normally charged by persons of comparable skill, expertise, and reputation in Houston. These rates are well within the range of what is considered reasonable for a case of this magnitude. The representation of Bear Ranch came at the expense of other work that the legal team could have accepted.

11. The hours billed, tasks performed, and position of each person who worked on this case and for whom Bear Ranch seeks its fees are identified in the chart attached as Exhibit 1 to this declaration, which is produced from Yetter Coleman's billing software. That chart reproduces the contemporaneous work records of each person for whom Bear Ranch seeks its fees. The time entries have been redacted to preserve privileged information and to remove time entries for which we are not seeking fees.

12. Through October 1, 2015, Bear Ranch's reasonable and necessary attorney fees are $276,456 for the time and effort expended in connection with the breach of contract counterclaim asserted by HeartBrand. The rates of attorneys involved in this case are within the range normally charged by persons of comparable skill, expertise, and reputation in Houston.

13. Bear Ranch has appropriately segregated its fees and has included in this fee request only hours billed by Yetter Coleman related to HeartBrand's breach of contract counterclaim.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of October 2015, at Houston, Texas.

_____
R. Paul Yetter