# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BEAR RANCH, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:12-cv-00014 |
| HEARTBRAND BEEF, INC., et al., | § § § | |
| Defendants. | § | |

**DECLARATION OF JAMES E. ZUCKER IN SUPPORT OF
BEAR RANCH'S BILL OF COSTS AND EXPENSES**

I, James E. Zucker, declare and state as follows:

1. I am at least 18 years of age, capable of making this declaration, and have personal knowledge of the facts stated below, and they are true and correct.

2. I am a partner with Yetter Coleman LLP, which has been counsel for Plaintiff Bear Ranch since 2012. I have reviewed the costs and expenses in this matter and it is my opinion that they were reasonably and necessarily required for plaintiff to defend against and obtain summary judgment on HeartBrand's breach-of-contract claim. I have been a lawyer in good standing licensed to practice in Texas and the U.S. Southern District of Texas since 2007.

3. There are two main categories of costs that plaintiff necessarily incurred to defend against and obtain summary judgment on HeartBrand's breach-of-contract claim: deposition transcripts and videos and copies. These costs were actually and necessarily incurred in preparing plaintiff's motion for summary judgment on HeartBrand's breach-of-contract claim in this case, and they were not incurred merely as a convenience for counsel. The amounts are accurately reflected in the invoices accompanying plaintiff's bill of costs. All of such invoices were reasonably incurred by plaintiff and paid.

4. **Transcripts.** Plaintiff seeks costs for the transcripts and videos of the three depositions taken in this case that were used in plaintiff's motion for summary

judgement. These depositions were necessary and played an integral part in plaintiff setting forth its successful arguments.

5. **Copies**. The second category is necessary copies, which can involve blowbacks of paper copies from digital, imaging of paper copies to digital, and duplicating paper copies or prints from originals. Plaintiff is seeking reimbursement only for copies necessary for the motion for summary judgment and supporting depositions and not for a substantial cost that it incurred for copies for the convenience of counsel.

6. **Expenses**. Finally, the expenses incurred by plaintiff in preparing its motion for summary judgment were reasonable and necessary. These include travel expenses for the attorneys who took the depositions, research performed in preparing the motion for summary judgement, and FedEx expenses. The amounts are accurately reflected in the invoices attached as Exhibit 2 to this declaration.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Signed this 5th day of October 2015, at Houston, Texas.

_____
James E. Zucker