IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **BEAR RANCH, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:12-cv-14 |
| | § | |
| **HEARTBRAND BEEF, INC.,** | § | |
| **AMERICAN AKAUSHI** | § | |
| **ASSOCIATION, INC.,** | § | |
| and **RONALD BEEMAN,** | § | |
| | § | |
| Defendants. | § | |

### HEARTBRAND BEEF, INC.'S RESPONSE TO PLAINTIFF BEAR RANCH'S MOTION FOR ATTORNEY FEES, EXPENSES, AND COSTS

Bear Ranch, LLC ("Bear Ranch") has moved for attorneys' fees, expenses, and costs, pursuant to Section XX of the Full-Blood Contract and § 38.001 of the Texas Civil Practice and Remedies Code (the "CPRC"). Doc. # 247. HeartBrand Beef, Inc. ("HeartBrand") respectfully submits this Response to Bear Ranch's motion. Because Bear Ranch is not a prevailing party in an action to enforce the Full-Blood Contract and is not entitled to attorneys' fees under the CPRC, Bear Ranch's motion should be denied.

I.  **Bear Ranch Is Not Entitled to Recover Attorneys' Fees, Expenses, and Costs Under the Full-Blood Contract.**

Bear Ranch asserts that it is entitled to attorneys' fees under the terms of the Full-Blood Contract. Doc. # 247 at 3. But the Full-Blood Contract only permits the recovery of attorneys' fees, expenses, and costs to "the <u>prevailing party</u> in such legal action" "to <u>enforce</u> this agreement." PX1 § XX (emphasis added). According to Bear Ranch, it "defeated" HeartBrand's breach of contract claim "by proving that the contract does not apply to the cattle purchased from Beeman, Spears, and Twinwood." Doc. # 247 at 3. That argument lacks merit.

   **A. Bear Ranch Is Not the "Prevailing Party" on HeartBrand's Breach of Contract Claim.**

The term "prevailing party" is defined by its ordinary meaning. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005) (finding that when terms are not defined by parties to a contract, they are presumed to have their ordinary meaning). "A 'prevailing party' successfully prosecutes or defends against an action, prevailing on the main issue, even if not to the extent of his or her original contention." *Robbins v. Capozzi*, 100 S.W.3d 18, 27 (Tex. App.—Tyler 2002, no pet.). In other words, "[a] prevailing party is one who is vindicated by the trial court's judgment." *Id.* For a defendant in a breach of contract action to be a prevailing party, the court must enter a take-nothing judgment in the defendant's favor. *See Uretek (USA), Inc. v. Ureteknologia de Mexico S.A. de C.V.*,

2013 WL 3942075, at *4 (S.D. Tex. July 30, 2013) (finding that defendant was prevailing party because it successfully defended against breach of contract claims when court entered final judgment that plaintiff take nothing); *Silver Lion, Inc. v. Dolphin Street, Inc.*, 2010 WL 2025749, at *18 (Tex. App.—Houston [1st Dist.] May 20, 2010, pet. denied); *Weng Enters., Inc. v. Embassy World Travel, Inc.*, 837 S.W.2d 217, 223 (Tex. App.—Houston [1st Dist.] 1992, no pet.) ("Weng Enterprises brought a breach of contract action for the enforcement of the termination provision of the agreement, and Embassy World prevailed by successfully defending itself and obtaining a directed verdict, that resulted in a take-nothing judgment being entered against Weng Enterprises.").

To be <u>the</u> prevailing party—the contract does not say "<u>a</u> prevailing party"— entitled to attorneys' fees, expenses, and costs, Bear Ranch must have prevailed on the "main issue" and obtained a take-nothing judgment. That did not and will not happen. The jury found that Bear Ranch breached the terms of the contract, and this Court has indicated that it will enter a final judgment on that jury finding. *See* Doc. # 240 at 39 ("The Court will enter judgment in favor of HeartBrand on its fraud and breach of contract claims with the relief described above."). Therefore, on the "main issue" in the breach of contract action—whether Bear Ranch breached the contract—Bear Ranch did not prevail and is not vindicated by the judgment. *See Flagship Hotel, Ltd. v. City of Galveston*, 117 S.W.3d 552, 565

(Tex. App.—Texarkana 2003, no pet.) ("If only one party prevailed, courts have concluded that party prevailed on the main issue. Since Flagship is the only party that received a judgment under breach of contract . . . , Flagship is the prevailing party.").

Bear Ranch asserts that it is a prevailing party because it succeeded, at summary judgment, on a particular issue regarding the interpretation or scope of the Full-Blood Contract as applied to the Beeman, Spears, and Twinwood cattle.[1] But that is not the "main issue" of the case, and Bear Ranch cannot avoid the reality that it did not prevail on the main issue by arguing that it prevailed on some aspect or sub-issue of the scope of the contract breach through the summary judgment ruling. *Robbins*, 100 S.W.3d at 27 (noting that defendant was prevailing party where she successfully defended all of plaintiff's claims).

Prevailing party status is not determined by success on sub-issues but rather by success on the "main issue." HeartBrand's breach of contract claim—that is, the "action" to "enforce" the Full-Blood Contract—was a single count seeking return of the cattle. *See* Doc. # 61 at 22-23 (¶¶58-62). The breach of contract claim was not subdivided into individual actions for cattle acquired from various sources.

---

[1] There is no final judgment vindicating Bear Ranch on this point. Instead, the Court has indicated that it "will issue an injunction requiring Bear Ranch to abide by the 2010 contract restrictions for any Akaushi that remain [in Bear Ranch's possession.]" Doc. # 240 at 21. Thus, Bear Ranch has not "prevailed" in preventing the Full-Blood contract from applying to these purchases.

4

Rather, there was a single breach of contract action; that is the only action to "enforce" the Full-Blood Contract; and HeartBrand prevailed on that action.

Merely limiting the recovery on the breach of contract claim, which Bear Ranch implies it did through the summary judgment order, does not convert Bear Ranch into <u>the</u> prevailing party. *See Trinet Corporate Realty Trust Inc. v. Microsoft Corp.*, 2004 WL 1217936 (N.D. Tex. June 2, 2004) ("Microsoft essentially asserts as a component of its counterclaim that, because TriNet has eliminated its claim for unpaid rent based on After Hours Operation and, in turn, reduced the damages sought under its breach of contract claim by approximately 85%, Microsoft has become the prevailing party and is entitled to its attorney's fees. The court agrees with TriNet that this circumstance does not of itself make Microsoft the prevailing party on the main issue."). And "success in defending most claims does not change [the plaintiff's] 'prevailing party' status. A plaintiff may recover on only one of several claims, and still be a 'prevailing party' if the successful claim was on a 'significant issue.'" *In re Magna Cum Latte Inc.*, 2008 WL 2047937, at *5 (S.D. Tex. Bankr. May 9, 2008). Even if Bear Ranch is correct that it "prevailed" on an issue or partial defense to the breach of contract claim and potentially reduced the recovery, Bear Ranch nonetheless did not prevail on the main issue—whether Bear Ranch breached the contract at all.

HeartBrand is the only party that will receive a final judgment in its favor on the breach of contract action. Bear Ranch is therefore not <u>the</u> "prevailing party" on an "action" "to enforce" the contract and is not entitled to recover attorneys' fees, expenses, and costs under Section XX of the Full-Blood Contract.

### B. Bear Ranch May Not Recover Fees Related to its Declaratory Judgment Claim.

Additionally, to the extent Bear Ranch is seeking to recover its fees in connection with its declaratory judgment claim, that request also fails. First, Bear Ranch's declaratory judgment claim that the "cattle it purchased from the three HeartBrand Producers are not subject to the contract restrictions in the Full-Blood Contract " (Doc. 91 at 5) was not a "legal action brought to enforce this Agreement." PX1 § XX. Thus, to the extent Bear Ranch "prevailed" on this "issue," it is not an issue subject to the attorneys' fees provision in the contract and does not provide a basis by which Bear Ranch is entitled to its attorneys' fees, expenses, or costs.

Additionally, what Bear Ranch succeeded on at summary judgment was a declaratory action stating that Bear Ranch was not a party to any contract regarding the Beeman, Spears, or Twinwood sales. That is, Bear Ranch effectively repudiated the existence of any contract as to those sales—i.e., there is no Full-Blood Contract at issue at all. Texas law does not allow a party to "recover

attorney's fees pursuant to a provision in a contract to which [the party] is not bound, or deemed a beneficiary." *Sells v. Drott*, 2014 WL 357026, at *2 (Tex. App.—Tyler Jan. 31, 2014, no pet.). Because Bear Ranch succeeded in convincing this Court that there is no binding contract regarding those sales, Bear Ranch cannot then seek to enforce a provision of that contract that Bear Ranch has argued it is not a party to with regard to these sales. *Id*. ("Because one cannot enforce an advantage of a contract while at the same time claim that the contract is not binding, the trial court did not err by denying Sell's request for attorney's fees.").

## II.  Bear Ranch Is Not Entitled to Recover Attorneys' Fees, Expenses, and Costs Under Section 38.001 of the CPRC.

Bear Ranch contends that it is also "entitled to attorney fees under Texas Civ. Prac. & Rem. Code §38.001, which provides that a party may recover reasonable attorney fees in a breach of contract case." Doc. # 247 at 3. But § 38.001 says no such thing and does not authorize Bear Ranch's proposed recovery of attorneys' fees.

Section 38.001 of the CPRC reads in relevant part as follows: "A person may recover reasonable attorneys' fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for: . . . (8) an oral or written contract." This provision has been interpreted to only provide a recovery to a party who "prevails on a breach of contract claim and recover[s] damages." *Ashford Partners, Ltd. v. ECO Res., Inc.*, 401 S.W.3d 35, 40 (Tex.

2012) (emphasis added). Furthermore, Texas courts of appeal and federal courts applying Texas law have made clear that "a party who seeks only to defend itself against another's contract claim cannot recover" attorneys' fees under § 38.001.[2]

---

[2] *Gordon v. South Trust Bank*, 108 F. App'x 837, 843 n.2 (5th Cir. 2004); *see also Fleet Oil & Gas, Ltd. v. EOG Res.*, 2014 WL 2159537, at *6 (Tex. App.—Waco May 22, 2014, pet. denied) ("Chapter 38 does not provide for the recovery of attorney's fees by a party who only defends against a plaintiff's or counter-plaintiff's contract claim and presents no contract claim of its own."); *In re Mora*, 2013 WL 782698, at *2 (Tex. App.—Corpus Christi Feb. 28, 2013, no pet.) ("The provisions of the civil practice and remedies code providing for the recovery of attorney's fees in breach of contract cases do not provide for recovery of attorneys' fees by defendants who only defend against a plaintiff's contract claim and do not present their own contract claim."); *Polansky v. Berenji*, 393 S.W.3d 362, 368 (Tex. App.—Austin 2012, no pet.) ("Chapter 38 does not provide for recovery of attorneys' fees by defendants who only defend against a plaintiff's contract claim and do not present their own contract claim."); *Walker & Assoc. Surveying, Inc. v. Austin*, 301 S.W.3d 909, 920 (Tex. App.—Texarkana 2009, no pet.) ("Chapter 38 does not provide for the recovery of attorney's fees by a defendant who only defends against a plaintiff's contract claim and presents no valid contract claim of its own."); *Thottumkal v. McDougal*, 251 S.W.3d 715, 719 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) ("The Texas Civil Practice and Remedies Code does not provide for the recovery of attorney's fees by a defendant who only defends against a plaintiff's claim and presents no claim of his own."); *Brockie v. Webb*, 244 S.W.3d 905, 910 (Tex. App.—Dallas 2008, pet. denied) ("Section 38.001 does not provide for attorney's fees in the pure defense of a claim."); *Pyramid Constructors, L.L.P. v. Sunbelt Controls, Inc.*, 2005 WL 464896, at *3 (Tex. App.—Amarillo Feb. 28, 2005, no pet.) ("Chapter 38 provides no basis for Pyramid's point of error because the statute does not authorize recovery of attorney's fees by a defendant who only defends against a contract claim and presents no contract claim of its own . . . ."); *Energen Res. MAQ, Inc. v. Dalbosco*, 23 S.W.3d 551, 558 (Tex. App.—Houston [1st Dist.] 2000, pet. ) ("To recover attorney's fees under this chapter, the claimant must present the claim to the opposing party or its authorized agent. Chapter 38 does not provide for the recovery of attorney's fees by a defendant who only defends against a plaintiff's contract claim and presents no contract claim of its own.") (internal citation omitted).

8

Because Bear Ranch did not prevail on a breach of contract claim of its own, did not recover damages for breach of contract, and only sought to defend itself against HeartBrand's breach of contract claim, Section 38.001 of the CPRC does not provide a vehicle by which Bear Ranch can recover attorneys' fees regarding HeartBrand's counterclaims for breach of contract.

### III. Bear Ranch Is Not Entitled To Recover Fees, Expenses, And Costs Incurred Prior To The Filing Of HeartBrand's Counterclaim.

In any event, even assuming, arguendo, that Bear Ranch is entitled to recover certain attorneys' fees, expenses, and costs, Bear Ranch is not entitled to recover the full extent that it submits in its motion.

Bear Ranch's motion is clear—it seeks to recover those attorneys' fees, expenses, and costs "associated with its defense of HeartBrand's contract claims on which Bear Ranch prevailed." Doc. # 247 at 2. And Bear Ranch contends that it has "segregated its recoverable fees by eliminating all time entries not necessary to obtaining summary judgment on HeartBrand's contract claims" and included "fees for work necessary to its defense of the contract claims." *Id.* at 10. But Bear Ranch's motion and supporting documentation contains a request for fees leading up to the filing of HeartBrand's contract claims on May 7, 2012—a claim for $10,507 in fees. Doc. # 247, Ex. A-1 at pp. 1-2. These fees are easily segregated based on the date they were incurred and should not be recoverable as attorneys' fees for defending against HeartBrand's breach of contract claim.

9

## CONCLUSION

For these reasons, HeartBrand respectfully prays that this Court deny in whole Bear Ranch's motion for attorney's fees, expenses, and costs because Bear Ranch is not the prevailing party or, in the alternative, deny in part Bear Ranch's motion for failure to segregate recoverable fees.

> Respectfully submitted,
>
> VINSON & ELKINS L.L.P.
>
> */s/ James A. Reeder, Jr.*
> James A. Reeder, Jr.
> Attorney-in-Charge
> Texas Bar No. 16695010
> Federal Bar No. 12381
> 1001 Fannin Street, Suite 2500
> Houston, Texas 77002-6760
> Telephone: 713-758-2636
> Facsimile: 713-615-5033

OF COUNSEL:

Jason M. Powers
Texas Bar No. 24007867
Federal Bar No. 23567
Stacy M. Neal
Texas Bar No. 24060322
Federal Bar No. 892868
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on October 26, 2015, a true and correct copy of the foregoing document was served on all counsel of record via the Court's electronic filing system.

                */s/Stacy M. Neal*
                Stacy M. Neal