IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **BEAR RANCH, LLC,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:12-cv-14 |
| **HEARTBRAND BEEF, INC., AMERICAN AKAUSHI ASSOCIATION, INC., and RONALD BEEMAN,** | § § § § § § | |
| Defendants. | § § | |

## HEARTBRAND BEEF, INC.'S REPLY IN SUPPORT OF MOTION FOR RECOVERY OF ATTORNEYS' FEES, EXPENSES, AND COSTS

In its Response, Bear Ranch argues that HeartBrand should not recover any of the attorneys' fees, expenses or costs set forth in its Motion (Doc. #246) due to its purported failure to segregate recoverable fees from non-recoverable fees. However, Bear Ranch is incorrect that a failure to segregate precludes any recovery. In fact, two of the cases cited by Bear Ranch in its Response confirm as much. Additionally, Bear Ranch misconstrues the applicable standard related to the segregation of attorneys' fees, expenses and costs. The general rule requires a party to segregate the attorneys' fees attributable to claims for which fees are recoverable. However, Texas law dictates that there is no requirement to segregate when discrete legal services advance both a recoverable and unrecoverable claim.

1

As demonstrated in HeartBrand's Motion, the claims involved in this case are so intertwined that segregation is not necessary. HeartBrand is entitled to recover the attorneys' fees, expenses, and costs requested.

## I. ARGUMENT AND AUTHORITIES

### A. Under these circumstances, there are no fees and costs that must be segregated.

In its Response, Bear Ranch claims that HeartBrand is not entitled to recover any of its attorneys' fees, expenses and costs because the fees, expenses and costs related to certain claims are not "inextricably intertwined" with the breach of contract claim upon which HeartBrand prevailed. Resp. at p. 5. Bear Ranch's assertion is incorrect.

First, Bear Ranch claims that the attorneys' fees, expenses and costs related to HeartBrand's Counterclaims 1 (fraudulent inducement of the sale of cattle from HeartBrand to Bear Ranch), 2 (fraudulent inducement of the sale of cattle from Beeman to Bear Ranch), 5 (fraud with respect to representations concerning calf registration), and 6 (breach of Full-Blood and F1 Program Contracts) are not recoverable and should have been segregated. In support, Bear Ranch claims that, because HeartBrand did not prevail on these claims yet prevailed on a separate breach of contract claim, this somehow demonstrates that "that the work done on its unsuccessful claims are not 'inextricably intertwined.'" Resp. at pp. 5-6.

Bear Ranch misstates the applicable standard. Whether or not a party prevails on claims for which fees are normally not recoverable is irrelevant. Instead, if a party can demonstrate that he would have done the same work for which he is requesting attorney's fees even if he had not brought the unrecoverable claim, the fees will be considered to be intertwined. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311–12 (Tex. 2006). This standard is satisfied here.

To prevail on its contract theory, HeartBrand was required to demonstrate the terms of the contract, define the cattle to which the contract applied, and demonstrate that Bear Ranch failed to comply with the contract. When HeartBrand pursued its fraud counterclaims, the same facts had to be proven: what promises had been made, concerning what cattle, and what promises had been breached. While fraud and contract are certainly different legal theories, in this case, there would be little practical difference between, and no practical way to segregate, the legal services required to prove that Bear Ranch breached its promise from the services required to establish the additional circumstantial proof that Bear Ranch made that broken promise without an intent to comply with it. As a practical matter, a lawyer working on one of those two issues is necessarily working on both of them, and the services that permitted HeartBrand to prevail on its contract claim could not reasonably be extricated from the services on a parallel but distinct

3

theory. Thus, HeartBrand was not required to segregate from one another the fees associated with pursuing those claims.

Additionally, the cases cited by Bear Ranch are factually distinguishable. For example, in *Farmers Group Ins., Inc. v. Poteet,* 434 S.W.3d 316, 333 (Tex. App. – Fort Worth 2014, pet. denied), the plaintiff did not argue that the claims at issue were intertwined. Instead, the plaintiff seems to have conceded that fees were only recoverable for certain of her breach of contract claims. Additionally, in *PPI Tech. Services, L.P. v. Onca Petr. Dev., Inc.*, No. 01-06-00873, 2008 WL 5272881 (Tex. App. – Houston [1st Dist. – Dec. 11, 2008), *vacated on other grounds,* 2009 WL 618241 (Tex. App. – Houston [1st Dist.] 2009), the Court determined that the plaintiff was not entitled to recover fees associated with defending against a counterclaim when it failed to show that the defense of those counterclaims was necessary to fully recover on its contract claim. In our case, there is no question that Bear Ranch's claims were asserted as obstacles to enforcement of HeartBrand's contract, pleaded as a basis for a declaration preventing enforcement, and therefore had to be defeated for HeartBrand to prevail on its contract claim.

Second, Bear Ranch also claims that the fees, expenses, and costs related to the "Beeman Purchase fraud claim" are not recoverable.[1] (Resp. at 6). As set forth in HeartBrand's Motion, with respect to its fraud claim, HeartBrand sought a ruling that the 2010 Contract applied to the 2011 Beeman cattle sale, and that Bear Ranch had breached the contract with respect to that sale or committed fraud in making the purchase. Although HeartBrand's contract cause of action on the 2011 sale did not result in a breach finding, HeartBrand did prevail in "enforcing the terms of the contract" on the 2011 sale: the Court's remedy on HeartBrand's fraud and unjust enrichment claim applies the 2010 Contract terms to the 2011 sale.

Moreover, HeartBrand's injury arising out of the 2011 sale was the injury to HeartBrand's expectation that the 2010 Contract would be performed with respect to the 2011 sale. Collecting and presenting the proof that Bear Ranch breached the 2010 Contract terms necessarily served both the causes of action related to the 2010 Contract and those related to the 2011 sale, and the legal services directed to those issues were necessarily bound up together.

---

[1] Surprisingly, Bear Ranch also claims that the fees, expenses and costs associated with the "Beeman Purchase fraud claim" are not independently recoverable because "no enforceable agreement existed by virtue of the statute of frauds." Resp. at 7. However, in its own motion to recover attorneys' fees, expenses and costs (Doc. # 247), Bear Ranch seeks to recover fees, expenses and costs related to the defense of HeartBrand's claim that the full blood contract applied to the cattle purchased by Bear Ranch from Beeman, Twinwood, and Spears and that Bear Ranch had breached the terms of the contract. Bear Ranch's positions are in direct conflict and cannot both be accepted.

Finally, Bear Ranch claims that HeartBrand is not entitled to recover any of the attorneys' fees, costs, and expenses related to its defense of Bear Ranch's antitrust claims because HeartBrand was not the "prevailing party" with respect to those claims. HeartBrand acknowledges the fact that Bear Ranch strategically abandoned these baseless claims after more than a year of expensive and burdensome discovery. But Bear Ranch's surrender of its antitrust defense does not change the outcome.

As discussed in the Motion, where, as here, a party seeks to enforce a contract, and to do so, must overcome defenses or causes of action asserted by the breaching party in order to recover on that contract, Texas courts hold that the attorney's fees incurred in overcoming those defenses or causes of action are inextricably linked to the breach of contract claim, and a litigant cannot claim after the fact that it was unnecessary to overcome the defenses he asserted.[2] In this case, the fees incurred by HeartBrand in defeating Bear Ranch's antitrust claims do not

---

[2] *See, e.g.*, *Tony Gullo Motors*, 212 S.W.3d at 314 (noting that a party who raises a defense to a breach of contract claim "should not be allowed to suggest to the jury that overcoming those defenses was unnecessary" in terms of allocating recoverable fees); *RepublicBank Dallas, N.A. v. Shook*, 653 S.W.2d 278, 282-83 (Tex. 1983) (allowing for the recovery of attorney's fees incurred defeating the opposing party's claims first because the prevailing party was forced "to defend against all of the [plaintiff's] claims before it could recover the money outstanding on the notes"); *Uretek (USA), Inc. v. Ureteknologia de Mexico S.A. de C.V.*, No. H-11-3060, 2013 WL 3280151 (S.D. Tex. June 27, 2013) (holding that recovering the attorney's fees incurred in defeating a fraudulent inducement claim, as well as those fees incurred prosecuting a subsequent breach of contract claim, was reasonable because the recovering party had to prove the validity of the contract before it could prove the opposing party breached the contract).

need to be segregated from those fees related to HeartBrand's breach of contract claim. From the dawn of this case, Bear Ranch's causes of action were defensive in nature and sought to prevent enforcement of the 2010 Contracts. Thus, HeartBrand could not have recovered for its breach of contract claim without overcoming those defenses. Therefore, the defense of Bear Ranch's antitrust claims was inextricably intertwined with prosecuting HeartBrand's own breach of contract claim, and HeartBrand is entitled to recover its attorney's fees with respect to all such matters.

### B. Based on the proven facts, the attorneys' fees, expenses and costs sought by HeartBrand are presumptively reasonable.

Bear Ranch also claims that HeartBrand's request to recover its attorneys' fees, expenses and costs should be rejected because there is no way to assess the "reasonableness" of HeartBrand's request. As discussed above, as well as in the Motion, HeartBrand was not required on these facts to segregate its attorneys' fees, expenses and costs and the lodestar amount set forth in the Motion is "presumptively reasonable and should be modified only in exceptional cases."[3] Bear Ranch has made no argument that this is such an "exceptional case," nor does Bear Ranch take issue with the hourly rate charged by HeartBrand's attorneys or any of the expenses or costs set forth in the invoices attached to the Motion. As a

---

[3] *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

result, Bear Ranch's argument regarding the reasonableness of HeartBrand's fees, expenses and costs should be rejected.

Bear Ranch also complains about the redaction of HeartBrand's invoices, stating that "Bear Ranch's and the Court's ability to assess whether particular work was performed by HeartBrand to advance its recoverable claim is hampered by its redaction of its fee bills." Resp. at pp. 12-13. However, as noted in HeartBrand's Motion, it redacted, in part, certain entries in order to avoid the disclosure of confidential attorney-client communications. If necessary, HeartBrand can make these available to the Court for *in camera review*, but even in a form that redacts the particular subject matters of communications and research, these entries still demonstrate that reasonable work was done. The only redactions made in full (*i.e.*, the only redactions that entirely withhold the nature of the work done) are for those time entries as to which HeartBrand does not seek recovery. Because HeartBrand is not seeking recovery for any of those entries, there is no need to assess their reasonableness for purposes of the Motion, and the redaction is harmless.

### C. Contrary to Bear Ranch's contention, HeartBrand is not seeking recovery of the entirety of its attorney's fees, expenses and costs.

In its Response, Bear Ranch claims that HeartBrand is seeking "100% of its fees and costs . . . incurred from day one of this lawsuit." Resp. at p. 1. This is simply incorrect. In preparing its Motion, HeartBrand carefully reviewed each of the relevant invoices and sought recovery of only those fees, expenses and costs

8

that related to its breach of contract claim or that were so intertwined that they need not be segregated. HeartBrand excluded numerous time entries from its fee request based on its conclusion that the legal services in those entries were in part not directly related to the prosecution and defense of this case. *See* Doc. # 246 at Ex. A, p. 13. HeartBrand even erred on the side of exclusion. Thus, where a lawyer's time entry included legal services related to this case but also other commercial advice necessarily prompted by (but not directly related to) this case, HeartBrand sought no fees at all for that time entry, even for the part related to the case.

Similarly, HeartBrand excluded from its request the attorney's fees, expenses or costs associated with the work of San Antonio attorney Keith O'Gorman, who was involved in this case from the outset, attended multiple depositions, attended much of trial, and provided counsel to HeartBrand and the Vinson & Elkins trial team throughout the pendency of the lawsuit. Because his work was both in the nature of litigation services and in the nature of counseling (in the manner of an in-house lawyer), HeartBrand erred on the side of exclusion and elected not to seek recovery of any of Mr. O'Gorman's hourly fees, expenses or costs. HeartBrand has intentionally chosen to be conservative in its claim even though doing so means HeartBrand will not be made whole.

### D. HeartBrand's purported "failure to segregate" does not preclude recovery.

Bear Ranch claims that "[w]hen a party fails to segregate and seeks all of its fees on recoverable and unrecoverable claims, courts routinely reject their fee applications." (Resp. at p. 3). This contention is incorrect. A court's conclusion that fees are not sufficiently segregated does not mean fees should be denied. *See A.G. Edwards & Sons, Inc. v. Beyer,* 235 S.W.3d 704 (Tex. 2007) (finding that the failure to segregate recoverable attorneys' fees results in a remand for a new trial rather than no recovery); *DaimlerChrysler Motors Co. v. Manuel*, 362 S.W.3d 160 (Tex. App. – Fort Worth 2012, no pet.) (finding the trial court erred in finding that the defendant was not entitled to recover attorney's fees "even assuming [his] evidence consisted only of unsegregated fees"); *Allan v. Nersesova,* 307 S.W.3d 564 (Tex. App. – Dallas 2010, no pet.) (finding that the "remedy for unsegregated attorney's fees is a new trial, not rendition of a take-nothing judgment on the claims of attorney's fees"); *Adams v. McFadden*, 296 S.W.3d 743 (Tex. App. – El Paso 2009, no pet.) (finding that the defendant did not "forfeit his right to recover attorney's fees by failing to segregate them because the evidence he presented regarding the total amount constitutes some evidence of what the segregated amount should be").

Indeed, two of the cases upon which Bear Ranch relies confirm as much. *See Farmers Group Ins.,* 434 S.W.3d at 333 ("failure to segregate her attorney's

fees does not mean she cannot recover any fees at all. Unsegregated attorney's fees for the entire case are some evidence of what the segregated amount should be."); *Clearview Props., L.P., v. Prop. Texas SC One Corp.*, 287 S.W.3d 132,145 (Tex. App. – Houston [14th Dist.] 2009, pet. denied) ("because the total amount of fees expended is some evidence of the proper amount of fees to award, failure to segregate requires remand."). As a result, even if HeartBrand was required to segregate some of the attorneys' fees, expenses, and costs requested in its Motion (which it disputes), a failure to segregate does not result in forfeiture of those fees which are recoverable.

## II. CONCLUSION

For the foregoing reasons, HeartBrand requests that the Court grant its Motion (Doc. # 246) and order that HeartBrand is entitled to recover $4,723,421.80 for the reasonable attorneys' fees and expenses and other costs it incurred at the trial level through August 31, 2015. HeartBrand also requests that the Court grant HeartBrand leave to file a supplemental request for attorneys' fees, expenses, and other costs incurred from September 1, 2015 to the entry of a final judgment in this matter within fourteen days after entry of final judgment.

          Respectfully submitted,

          VINSON & ELKINS L.L.P.

          */s/ James A. Reeder, Jr.*
          James A. Reeder, Jr.
          Attorney-in-Charge
          Texas Bar No. 16695010
          Federal Bar No. 12381
          1001 Fannin Street, Suite 2500
          Houston, Texas 77002-6760
          Telephone:  713-758-2636
          Facsimile:  713-615-5033

OF COUNSEL:

Jason M. Powers
Texas Bar No. 24007867
Federal Bar No. 23567
Stacy M. Neal
Texas Bar No. 24060322
Federal Bar No. 892868
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

  I hereby certify that on November 5, 2015, a true and correct copy of the foregoing document was served on all counsel of record via the Court's electronic filing system.

          */s/Stacy M. Neal*
          Stacy M. Neal