IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **BEAR RANCH, LLC,** | § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 6:12-cv-14 |
| **HEARTBRAND BEEF, INC., AMERICAN AKAUSHI ASSOCIATION, INC., and RONALD BEEMAN,** | § § § § § § | |
| Defendants. | § | |

### HEARTBRAND BEEF, INC.'S RESPONSE TO BEAR RANCH'S UPDATE TO PRIOR BRIEFING

Bear Ranch files an unsolicited "Update to Prior Briefing" (Dkt. No. 253), claiming that there is no "material difference between the herd now and at the time of trial, in terms of age, number, demographics, and the like." In support of these assertions, Bear Ranch offers, for the third time, a declaration from James McGrann, a purported expert witness that was not timely designated, did not provide a report on his new opinions, and has not been deposed or cross-examined on his new opinions.

HeartBrand believes that the Court has been informed of the applicable issues and has directed the parties not to submit additional filings at this time. Whether supplementation of the evidence or argument is necessary depends on the

1

nature of any remedy the Court is currently contemplating, and HeartBrand defers to the Court on whether it needs additional information at this juncture. However, crediting the McGrann statements would be fundamentally unfair without an opportunity to review his evidence and examine him on his claims. By way of example: (1) McGrann's methodology is not sufficiently disclosed, with no explanation of McGrann's apparent decision to "weight" some cattle and exclude others from his age data; (2) McGrann omits relevant facts on the age of terminal cattle, including his choice to disclose only a subset of the cattle that he admits are past USDA grading age; and (3) McGrann, apparently relying entirely on undisclosed assurances from unidentified fact witnesses, does not disclose a basis for his genetic purity opinions..

As the Court has already observed, developing a fact record on the current condition of Bear Ranch's herd would in all likelihood require a new evidentiary hearing, with additional documentary evidence and discovery of Bear Ranch's witnesses. The apparent gaps in McGrann's claims reveal that his statements cannot be credited without notice and a hearing on his assertions.

Moreover, certain of the opinions offered by McGrann in Plaintiffs' Supplement are completely unsubstantiated. McGrann opines that Matador Ranch has been permitted to sell full-blood Akaushi bulls unrestricted but offers no fact evidence to support this assertion. McGrann previously made a similar assertion in

Bear Ranch's July 2, 2015 Motion to Reopen Evidence (Dkt. No. 238), a motion that was denied by the Court (Dkt. No. 239). At the time, McGrann claimed that Matador Ranch advertisements did not refer to restrictions—even though he attached an email from Matador Ranch in which Matador personnel indicated that a buyer would have to be a member of the American Akaushi Association in order to purchase an Akaushi bull and have papers transferred to it. (Dkt. No. 238-4.) That email is consistent with HeartBrand's understanding that Matador Ranch has not been selling unrestricted cattle but, instead, has only been selling cattle to contracted members of the American Akaushi Association, in accordance with HeartBrand's approved practices. If Bear Ranch is going to argue that this practice has not been followed, it should present admissible evidence that can be cross-examined and refuted.

HeartBrand thanks the Court for its consideration and stands ready to provide such additional information as the Court may require as it weighs remedies.

        Respectfully submitted,

        VINSON & ELKINS L.L.P.

        */s/ James A. Reeder, Jr.*
        James A. Reeder, Jr.
        Attorney-in-Charge
        Texas Bar No. 16695010
        Federal Bar No. 12381
        1001 Fannin Street, Suite 2500
        Houston, Texas 77002-6760
        Telephone:  713-758-2636
        Facsimile:  713-615-5033

OF COUNSEL:

Jason M. Powers
Texas Bar No. 24007867
Federal Bar No. 23567
Stacy M. Neal
Texas Bar No. 24060322
Federal Bar No. 892868
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

     I hereby certify that on November 24, 2015, a true and correct copy of the foregoing document was served on all counsel of record via the Court's electronic filing system.

        */s/Stacy M. Neal*
        Stacy M. Neal