United States District Court
Southern District of Texas
**ENTERED**
March 04, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BEAR RANCH, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:12-CV-14 |
| | § | |
| HEARTBRAND BEEF, INC., | § | |
| AMERICAN AKAUSHI | § | |
| ASSOCIATION, INC., | § | |
| and ROBERT BEEMAN. | | |
| | | |
| Defendants. | | |

## MEMORANDUM AND ORDER

Both parties have requested attorneys' fees in this case. This order addresses only Bear Ranch's motion.

Bear Ranch seeks the $276,456 in attorneys' fees and $20,998 in expenses and costs it incurred in obtaining a declaratory judgment in a pretrial ruling. It seeks fees on a statutory and contractual basis. Both bases turn in large part on whether Bear Ranch is entitled to fees for a claim that required the court to interpret a contract but did not involve an attempt by Bear Ranch to enforce a contract.

The contract is a purchase agreement in which it bought 424 Akaushi breeding cattle (and 10,000 units of Akaushi semen) from HeartBrand Beef in 2010. The contract contained a number of restrictions which, among other things,

1

forbid Bear Ranch from reselling the cattle without HeartBrand's permission. Document Entry No. 72–4, at 1-5.  Bear Ranch later purchased additional Akaushi cattle from three other parties that had obtained cattle from HeartBrand.  These were "handshake" deals not governed by a contract. *Bear Ranch LLC v. HeartBrand Beef Inc.*, 2014 WL 1052515, at *5–7 (S.D. Tex. Mar. 18, 2014).

Bear Ranch filed this lawsuit seeking to invalidate the restrictions in the 2010 contract, which would allow Bear Ranch to sell all the cattle.  It also sought a ruling that most of the restrictions in the 2010 contract did not apply to the cattle obtained in its three subsequent purchases.  In its complaint, Bear Ranch requested a "judgment adjudging and declaring that the cattle it purchased from sellers other than HeartBrand, and the descendants of those cattle, are not subject to restrictions under a contract."  *See* Docket Entry No. 59 ¶ 52.

Bear Ranch did not achieve its main objective of invalidating the contractual restrictions.  It dismissed its antitrust claims before the summary judgment deadline, and the court ruled pretrial that invalidation of the restrictions was not an available remedy for the fraud claim Bear Ranch asserted. *Bear Ranch, LLC v. HeartBrand Beef, Inc.*, 2013 WL 6190253, at *6 (S.D. Tex. Nov. 26, 2013).  As it turned out, the jury rejected the fraud claim.  Document Entry No. 172 at 15.

In a pretrial ruling, however, Bear Ranch did prevail on most of its claim that the contractual restrictions did not apply to its three subsequent purchases of

2

cattle. *Bear Ranch LLC*, 2014 WL 1052515, at *5. Except for the marketing and registration provisions, the Court held that the restrictions applied only to the cattle (and their offspring) obtained "pursuant to the [the] agreement." *Id.* at *5–*7. The Court also rejected the Defendants' attempt to nonetheless extend the contract restrictions to one of the subsequent sales based on an alleged oral agreement, concluding that a written contract was required pursuant to the Texas statute of frauds. *See id.* at *6–*7. The Court thus granted in part Bear Ranch's motion for summary judgment seeking this declaratory relief. *See id.* at *12.

Bear Ranch claims this victory entitles it to attorneys' fees. Bear Ranch sought fees under Section 38.001 of the Texas Civil Practice & Remedies Code. *See* Document Entry No. 247 at 3. That request appears to have been abandoned, however, as it does not appear in Bear Ranch's reply. No such fees are available in any event. "[T]o qualify for fees under the statute, a litigant must prevail on a breach of contract claim and recover damages." *Ashford Partners, Ltd. v. ECO Res., Inc.*, 401 S.W.3d 35, 40 (Tex. 2012). Bear Ranch did not receive damages. But more fundamentally, Bear Ranch did not assert a breach of contract claim. Quite the contrary, Bear Ranch contended that the 2010 contract had nothing to do with the later sales in seeking a declaration that the restrictions did not apply to those later-acquired cattle. A declaration that a contract does not apply cannot be construed as a breach of contract claim.

3

That leaves the contractual basis.  In Texas, the law which governs the purchase agreement, (Document Entry No. 72–5 at 6 ¶ 20), parties are "free to contract for a fee-recovery standard either looser or stricter" than what a statute may provide.  *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009).  The purchase agreement provides:

> If any legal action is brought to enforce this Agreement by either of the parties hereto, it is expressly agreed that the prevailing party in such legal action shall be entitled to recover from the other party reasonable attorney's fees, expenses, and costs.

Document Entry No. 72–4, at 6 ¶ 20.  Under this provision, Bear Ranch can recover attorneys' fees only if: (1) it was the prevailing party; and (2) the legal action was brought to "enforce [the] Agreement."  *Id.*  Bear Ranch was the prevailing party on its claim. *Intercontiental Grp. P'ship*, 295 S.W.3d at 659 (finding that a party would be a prevailing party if they sought and obtained a declaratory judgment).  What is less clear is whether Bear Ranch's suit was "brought to enforce [the] Agreement."  Document Entry No. 72–4, at 6 ¶ 20.

A claim for breach of contract is the usual way a party seeks to "enforce an agreement" in litigation.  Bear Ranch did not assert a breach of contract claim with respect to the cattle obtained in the three later sales.  To do so would have made no sense as Bear Ranch's contention was that those transactions were not governed by the 2010 contract.  In other words, Bear Ranch was not trying to enforce a contract; it was arguing that the contract had nothing to do with subsequent sales.

Bear Ranch nonetheless contends that it is entitled to fees because it was seeking a ruling on the scope of the 2010 contract. No doubt, the merits of Bear Ranch's declaratory judgment claim turned on a question of contract interpretation. *Bear Ranch LLC*, 2014 WL 1052515 at *5–*7. Bear Ranch thus contends that this fee request is like the one in *Intercontinental Group Partnership*. Document Entry No. 252 at 3. In ruling that the party did not prevail on its breach of contract claim because it was awarded no damages, the Supreme Court of Texas noted that had the party sought and won a declaratory judgment it would have been entitled to fees under the contract. *Intercontinental Grp. P'ship*, 295 S.W.3d at 660–61. But the contractual fee provision in that case applied if a party brought an action "to enforce the terms of this Contract *or to declare rights hereunder.*" *Id.* at 652 (emphasis added). That alternative basis for fees does not exist in Bear Ranch's contract. The *Intercontinental Group Partnership* fee provision thus actually undermines Bear Ranch's request as it reinforces the ordinary understanding that actions brought to "enforce a contract" are different than actions to "declare rights" under a contract. Also undermining Bear Ranch's request are broader fee provisions at issue in other Texas cases. *See Fitzgerald v. Schroeder Ventures II, LLC*, 345 S.W.3d 624, 630–31 (Tex. App.—San Antonio 2011) (allowing recovery of attorneys' fees for tort claims when the parties' contract applied to "any legal proceeding brought under or with relation to this contract or

5

this transaction"); *Robbins v. Capozzi*, 100 S.W.3d 18, 27 (Tex. App.—Tyler 2002, no pet.) (holding lawsuit was "brought under or with respect to the transaction" when suit was brought to rescind the contract based on an alleged misrepresentation in the transaction).

Unlike the provisions at issue in those cases, the agreement in this case allows recovery of attorneys' fees for "enforcing" the contract and nothing more. It thus seems to be of similar scope to the Texas statutory fee provision, which Bear Ranch now effectively concedes it cannot meet.

Because Bear Ranch prevailed only on a claim in which it argued that the 2010 contract did not apply beyond its express terms, it did not prevail in an attempt to "enforce" the contract. Its Motion for Attorneys' Fees (Docket Entry No. 247) therefore is **DENIED.**

**SIGNED** this 4th day of March, 2016.

_____
Gregg Costa
United States Circuit Judge[*]

---

[*] Sitting by Designation

6