United States District Court
Southern District of Texas
**ENTERED**
May 01, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BEAR RANCH, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:12-CV-14 |
| | § | |
| HEARTBRAND BEEF, INC., | § | |
| AMERICAN AKAUSHI | § | |
| ASSOCIATION, INC., | § | |
| and ROBERT BEEMAN. | | |
| | | |
| Defendants. | | |

## MEMORANDUM AND ORDER

Bear Ranch LLC filed a motion for new trial. Docket Entry No. 260. The motion seeks a new trial on two grounds: 1) "newly discovered evidence shows that HeartBrand is now selling unrestricted Akaushi cattle in the marketplace," *id*. at 5; and 2) the testimony of HeartBrand's valuation expert, Jeffrey Andrien, which Bear Ranch has long challenged as unreliable and to which it contends it did not have sufficient time to rebut. *Id.* at 7.

I.  "Newly Discovered Evidence"

Bear Ranch has not cited newly discovered evidence that justifies a new trial pursuant to Federal Rule of Civil Procedure 59. That HeartBrand has recently decided to sell unrestricted cattle does not change how it operated its business five years ago when the transactions at issue in this case took place. "Newly

1

discovered evidence must be of facts existing at the time of trial." 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 2808 (3d ed. 2012). The Fifth Circuit's standard for granting new trials based on newly discovered evidence recognizes this, focusing in part on whether the new evidence "could have been discovered earlier with due diligence." *Diaz v. Methodist Hosp.*, 46 F.3d 492, 495 (5th Cir. 1995). Not to get too metaphysical, but it is not possible for facts that do not exist until after a trial to "have been discovered" before the trial.

Bear Ranch tries to get around this problem in a couple of ways.[1] It first speculates that HeartBrand's January 2016 letter announcing the sale of unrestricted cattle "reveals that the facts *at trial* were not as represented to the jury." Docket Entry No. 272. In other words, this evidence from 2016 finally exposes what HeartBrand's plan was as far back as 2010: sell unrestricted cattle! If that was the plan way back then (Bear Ranch offers no evidence that it was), why would HeartBrand have delayed this new business plan until 2016?

---

[1] Grasping onto a "compare" cite in a footnote to the Wright & Miller treatise, Bear Ranch also cites one case that noted an exception to the interest in finality that typically "prevents the reopening of a case because of after-occurring events": when "substantial justice requires a reopening and when the after-occurring event is of major importance in its impact on the case." *Washington v. United States*, 214 F.2d 33, 46–47 (9th Cir. 1954). But that condemnation case from more than fifty years ago did not find a new trial warranted under Rule 60(b)(5), which is not the vehicle for Bear Ranch's request. And its summary of the situations in which courts have applied the exception shows just how limited it is. They typically involve a change in the governing law, such as when a statue has been repealed after trial, a statute or treaty that alters the law is enacted after trial, or a court decision announcing a new rule is issued after trial. *See id.* at 47 n.14. Further highlighting how unusual the post-trial facts have to be to warrant a new trial, it also cites the examples of "war or revolution." *Id.* (citations omitted).

  The Fifth Circuit has never recognized this exception, it appears to apply only under Rule 60(b)(5), and even if the standard does apply in this case, the post-trial development Bear Ranch cites comes nowhere close to meeting it.

2

Apparently, so HeartBrand could first stick it to Bear Ranch with its fraud claims. There is one obvious problem with this conspiracy theory: it was Bear Ranch that commenced this litigation, though a reader looking only at the histrionics in Bear Ranch's latest filings would think otherwise. The speculation that the 2016 change in policy reveals HeartBrand's mindset going back more than five years is thus not only unsupported, it also irrational.[2] It is not the basis for a new trial.

Nor is the Court convinced that this 2016 evidence warrants a modification of the equitable relief, which Bear Ranch argues as an alternative to its request for a new trial on all issues. As Bear Ranch has repeatedly and correctly pointed out, an unjust enrichment award is aimed at preventing the fraudster from benefitting rather than at compensating the victim. HeartBrand's willingness to now sell unrestricted cattle may mean that its losses resulting from Bear Ranch's fraud are reduced. But that possibility does not change the fact that Bear Ranch should not benefit from its fraud. The equitable remedy prevents that unjust enrichment. It accomplishes that whether or not HeartBrand adopts a new business approach. Bear Ranch should not be able to profit from the fraud the jury found by breaking its promise to abide by the 2010 contractual restrictions when it bought the Beeman cattle. There is also an important interest in finality with respect to the

---

[2] If any speculation is proper, there is a fairly obviously inference to make. What major event predated HeartBrand's new business approach? This very costly, time consuming, and complex litigation. The Court thus concludes that HeartBrand's explanation that "the lawsuit caused the new approach" is the most likely explanation. In any event, whatever the motivation for the 2016 change in business plan, Bear Ranch has produced not actual evidence indicating that HeartBrand had adopted this policy before the trial.

3

remedy in this long pending case. Because the new evidence does not now give Bear Ranch the right to be unjustly enriched, it is not the basis for a new trial on remedies.

## II.   ANDRIEN'S TESTIMONY

Bear Ranch's challenge to Andrien's testimony largely repeats what it has argued before. The Court will likewise rely on its prior ruling about the admissibility of that testimony and Bear Ranch's ample opportunity to rebut it. But even assuming error existed, a couple points are warranted to explain why the admission of the testimony did not result in the manifest injustice that can warrant a new trial.

First and most obviously, the Court did not adopt the jury's advisory award for unjust enrichment, the topic on which Andrien testified. Second, the verdict belies the claim that Andrien's "big number" inflamed the jury and thus tainted the entire trial. The jury's unadopted monetary award was less than one-third of what Andrien proposed. Docket Entry No. 172 at 20. And the jury rejected two of HeartBrand's three counterclaims. Docket Entry No. 172 at 17-19. It was not inflamed by Andrien's testimony or anything else. It deliberately considered each question and ruled on some in favor of HeartBrand and others in favor of Bear Ranch.

Andrien's testimony is not the basis for a new trial.

4

CONCLUSION

This was a hard-fought and lengthy lawsuit. Given the complexity of the case and the numerous issues it raised, the Court is not under the illusion that every ruling it made was correct. But Bear Ranch's motion for new trial does not make it onto the list of toughest calls in this case. The Court is convinced that both sides, which had the benefit of being represented by some of Texas's best trial lawyers, received a fair trial. The Court will not disturb the jury's reasoned consideration of the case.

Bear Ranch's motion for a new trial (Docket Entry No. 260) is **DENIED**.

**SIGNED** this 30th day of April, 2016.

_____
Gregg Costa
United States Circuit Judge[*]

---

[*] Sitting by Designation

5