United States District Court
Southern District of Texas
**ENTERED**
July 12, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BEAR RANCH, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:12-CV-14 |
| | § | |
| HEARTBRAND BEEF, INC., | § | |
| AMERICAN AKAUSHI | § | |
| ASSOCIATION, INC., | § | |
| and ROBERT BEEMAN. | | |
| | | |
| Defendants. | | |

## **MEMORANDUM AND ORDER**

This ruling addresses HeartBrand's request for attorneys' fees not sought in prior motions. Docket Entry No. 327. The Court previously awarded HeartBrand attorneys' fees, expenses, and costs for work performed through March 31, 2016, in the amount of $3,259,972.93. *Bear Ranch, LLC v. Heartbrand Beef, Inc.*, 2016 WL 3549483, at *5 (S.D. Tex. June 30, 2016), *aff'd*, 885 F.3d 794, 804 (5th Cir. 2018); Docket Entry No. 275 at 6. HeartBrand now pursues $115,259.44 in fees and costs related to (1) the fee litigation in this Court after March 31, 2016, (2) the appeal of the fee award, (3) litigation of post-trial motions after March 31, 2016, and (4) data-hosting expenses after that date. Docket Entry Nos. 331; 335 at 7.

Courts must determine whether a fee award is reasonable. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327–28 (5th Cir. 1995); *Arthur Anderson &*

1

*Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). One judge has called the task "among the most challenging" federal district judges perform. John F. Grady, *Reasonable Fees: A Suggested Value-Based Analysis for Judges*, 184 F.R.D. 131, 131 (1999). The multiple rounds of fee litigation in this case certainly show it is among the most frustrating.

The Court has already addressed the reasonableness of the fees as a general matter in this case. *Bear Ranch*, 2016 WL 3549483, at *3–*5. It reviewed whether HeartBrand's requested fees bore a rational relationship to the complexity of the case (they did) and whether the rates charged were consistent with the prevailing market (they were). *Id.* Indeed, although it challenges the fees related to the earlier fee litigation and raises other minor objections, Bear Ranch does not contest the general reasonableness of HeartBrand's latest request. Docket Entry No. 334; *cf. Kellstrom*, 50 F.3d at 328 (noting that when an attorney's billing rate is not contested it is prima facie reasonable). In light of its familiarity with this complex and contentious case, the Court approves as reasonable the additional fee request. Fee and cost issues disputed by the parties are addressed below.

I. **The Fees Incurred Contesting Attorneys' Fees Before this Court**

HeartBrand requests $44,497.60 for fees and costs incurred litigating attorneys' fees before this Court after March 31, 2016. Docket Entry No. 335 at 2; *see Kellstrom*, 50 F.3d at 336 (finding a court may award fees for time spent

litigating a fee request). But that amount includes a mistake per the Court's calculations. After Bear Ranch identified an error in HeartBrand's attorneys' fees calculation of $9,188.75, Docket Entry Nos. 330–1 at 2; 335 at 2, HeartBrand reduced its fee request by the entirety of that error. But the original request was calculated using a 85.78% discount rate. The percentage corresponds to the amount of attorneys' fees this Court awarded in its June 30, 2016 order compared to HeartBrand's segregated fee request. Docket Entry No. 331 at 4. The erroneous $9,188.75 should have been discounted as well, so the reduction would only be $7,882.11 ($9,188.75 x .8578). As such, HeartBrand's corrected request for this category of fees and costs stands at $45,804.24 ([$44,497.60 + $9,188.75] – [$9,188.75 x .8578]).

Bear Ranch contends that HeartBrand is not entitled to even that reduced amount because HeartBrand refused, in its 2015 request, to segregate fees as Texas law requires. Docket Entry No. 334 at 3 (citing *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006)). But work on recoverable and unrecoverable claims may be so inextricably intertwined that it need not be segregated. *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 298 (5th Cir. 2007). Indeed, after reviewing submissions related to the initial fee request, this Court determined that "most of the work incurred by HeartBrand cannot be segregated." *Bear Ranch, LLC v. Heartbrand Beef, Inc.*, 2016 WL 1588312, at *5

(S.D. Tex. Apr. 20, 2016). Although *some* of that work was ultimately segregable, the Court will not now reduce the additional fee request because HeartBrand failed to segregate initially. The segregation issue was complex given the number of claims and counterclaims and the fact that much of the work overlapped. And, of course, HeartBrand would have incurred fees related to segregating its work even had it not first argued the claims were nonsegregable. *See, e.g.*, Docket Entry Nos. 275; 279; 285.

Bear Ranch also contests HeartBrand's request for $251.94 in PACER fees[1] and $94.35 in printing costs related to litigating the attorneys' fees request. Docket Entry No. 334 at 7. One wonders if the attorney time Bear Ranch spent challenging this expense (and what it may have to pay for HeartBrand's defense of it) exceeds the amount at issue. But the Court shouldn't be surprised about that given the no-holds-barred nature of this litigation.

In any event, back to the issue the Court must decide: HeartBrand actually seeks only $294.73 in costs, Docket Entry No. 330–1 at 2—85.78% of those incurred litigating the attorneys' fees request. *Cf. Bear Ranch*, 2016 WL 3549483, at *3 (reducing HeartBrand's requested vendor costs and expenses by applying the percentages used to discount its attorneys' fees). In addition to the attorneys' fees HeartBrand is owed under the contract, it shall recover "any other costs incurred in

---

[1] The figure Bear Ranch uses is slightly higher than the $249.24 HeartBrand claims in PACER costs. *See* Docket Entry No. 330–1 at 2.

enforcing the terms of this agreement."² *Bear Ranch*, 2016 WL 1588312, at *3 (quoting Docket Entry No. 72–5 at 5). As the Court has noted, it may award costs for time spent litigating a cost or fee request. *Bear Ranch*, 2016 WL 3544983, at *3 n.4 (citing *Kellstrom*, 50 F.3d at 336). The printing costs HeartBrand incurred are attributable to a 629-page print job on April 21, 2016. Docket Entry No. 330–2 at 6. HeartBrand contends that those pages were timesheets its attorneys reviewed pursuant to this Court's order from the day before. That order instructed HeartBrand to submit within ten days a revised fee request segregating work attributable to damages on the fraud claim and proposing a percentage of the remaining amount that would have been incurred absent the unrecoverable claims. Docket Entry No. 335 at 5. The PACER costs were likewise incurred litigating the original fee request.

The Court finds HeartBrand is entitled to $294.73 in printing and PACER costs incurred after March 31, 2016 for time spent litigating the original fee

---

² The Fifth Circuit has yet to determine whether prevailing parties are entitled to PACER fees under the federal cost statute, 28 U.S.C. § 1920. *Zastrow v. Hous. Auto M. Imports Greenway, Ltd.*, 695 F. App'x 774, 780 (5th Cir. 2017). Some district courts draw a distinction between costs incurred performing research (unrecoverable) and those sustained making copies of documents for use in litigation (recoverable). *Compare Maher v. Vaughn, Silverberg & Assocs., LLP*, 2015 WL 1807056, at *4 (W.D. Tex. Apr. 20, 2015) (denying PACER charges related to searching and accessing the database), *with U.S. ex rel. DeKort v. Integrated Coast Guard Sys., LLC*, 2013 WL 1890283, at *4 (N.D. Tex. Mar. 27, 2013) (awarding costs for "courtesy copies of motions, trial briefs, and exhibits provided to the Court" and PACER printing charges). That distinction makes sense; PACER can be used as an online research tool like Westlaw and Lexis. The "overwhelming weight of authority in this and other circuits" rejects the view that a party can recover costs for computerized legal research. *Honestech, Inc. v. Sonic Sols.*, 725 F. Supp. 2d 573, 581–82 (W.D. Tex. 2010) (collecting cases); *see, e.g., Ferrara v. 4JLJ, LLC*, 2017 WL 1130080, at *4 (S.D. Tex. Mar. 27, 2017) (declining to reimburse defendant for costs incurred doing research on Westlaw and Pacer). But the issue is irrelevant in this case because the costs are not being sought under the statute. Instead, they are sought under the contract, which allows for the recovery of *any* costs incurred to enforce the agreement.

request. Accordingly, HeartBrand is entitled to $45,804.24 in attorneys' fees and costs incurred for fee litigation after March 31, 2016.

## II. The Fees Incurred Preserving the Fee Award on Appeal

HeartBrand also seeks the $38,455.45 it spent preserving the fee award.[3] Docket Entry No. 331 at 6. On appeal, HeartBrand incurred fees and costs amounting to $267,237.29. Docket Entry No. 330–1 at 4. It discounts that amount using the benchmark of pages in the appellate briefing. Of the total pages filed in HeartBrand's opening and responsive briefs, 14.39% are attributable to attorneys' fees. Docket Entry Nos. 330 at 7–8; 331 at 6. When HeartBrand proposed a similar benchmark for post-trial briefing, the Court found that "point of reference reasonably reflects the amount of work post-trial that was expended on recoverable claims." *Bear Ranch*, 2016 WL 3549483, at *3. And here, as with the post-trial briefing, Bear Ranch does not contest that percentage. Docket Entry No. 334 at 8.

But it does again contest various costs, including printing fees totaling $7,825.65 and PACER costs in the amount of $325. *Id.* at 8–9. For the same reasons described above, the Court with one exception awards those costs to HeartBrand at the 14.39% discount rate. That exception is for the 11,461 page printing job, which HeartBrand contends was for one copy of the appellate record. Docket Entry No. 335 at 5. That job cost $7,449.65 because it was done for "color

---

[3] HeartBrand does not request appellate fees or costs other than those related to preserving the initial fee award. Docket Entry Nos. 330 at 7–8; 331 at 6–7; *see Bear Ranch*, 885 F.3d at 803–04 (upholding the fee award).

copies @ 0.65 per page," Docket Entry No. 330–2 at 74, even though emails provided by HeartBrand suggest that few if any of the pages were in color, *see* Docket Entry No. 335–1 at 3. Black and white printing cost HeartBrand 15 cents per page. *See, e.g.*, Docket Entry No. 330–2 at 6. So printing the record should have cost $1,719.15 (11,461 x 0.15). The Court will therefore reduce HeartBrand's appellate fee and cost request ($38,455.45) by $824.62 ([$7,449.65 – $1,719.15] x .1439).

HeartBrand is entitled to $37,630.83 in appellate fees and costs.

## III. The Fees Incurred Litigating Post-Trial Motions Before this Court

For fees and costs related to post-trial filings that occurred after March 31, 2016, HeartBrand requests $29,822.60. Docket Entry No. 331 at 3. As with the Phase 3 (post-trial) filings discussed in the original fee request, HeartBrand proposes a discount benchmark that looks to pages in the post-trial briefing attributable to recoverable claims. *Bear Ranch*, 2016 WL 3549483, at *3 (approving of that benchmark). Of 39.25 total pages filed, 16.75—or 40.76%— addressed recoverable claims on which HeartBrand prevailed. Docket Entry No. 330 at 6. Bear Ranch does not dispute that number, *see* Docket Entry No. 334 at 10, and HeartBrand is thus entitled to 40.76% of fees and costs incurred litigating post-trial motions after March 31, 2016.

Bear Ranch does however contest the $389.77 in PACER fees associated with this post-trial briefing. Docket Entry No. 334 at 10. But as the Court has already said here and in prior rulings, the contract allows for the recovery of any costs associated with enforcing the agreement. So HeartBrand may recover PACER fees at the discounted rate.

HeartBrand is therefore entitled to $29,822.60 in post-trial fees and costs incurred after March 31, 2016.

## IV. The Fees Incurred for Data Hosting

HeartBrand lastly requests $2,483.79 in data-hosting expenses incurred after March 31, 2016. Docket Entry No. 335 at 7. That amount represents 44% of HeartBrand's total data-hosting costs ($5,644.97) for that period. The 44% figure was the post-trial rate applied to the original fee request.[4] While the Court agrees that HeartBrand is entitled to these costs under the contract and that a post-trial discount rate should apply, that rate should be the one the Court has applied to post-trial filings submitted after March 31, 2016. *See infra* Section III (40.76%).

HeartBrand is thus entitled to $2,300.89 ($5,644.97 x .4076) in data-hosting costs.

## CONCLUSION

The Court awards HeartBrand additional attorneys' fees and costs totaling

---

[4] Bear Ranch suggested using that rate in response to HeartBrand's contention that the Court should apply the 76% Phase 2 (trial) rate. Docket Entry No. 334 at 10–11.

$115,558.56.

| Fee Category | Amount Awarded |
|---|---|
| Prior Fee Litigation | $45,804.24 |
| Appellate | $37,630.83 |
| Post-Trial | $29,822.60 |
| Data Hosting | $2,300.89 |
| **Total** | **$115,558.56** |

**SIGNED** this 12th day of July, 2018.

_____
Gregg Costa
United States Circuit Judge[*]

---

[*] Sitting by Designation